[Sac. No. 1079.   Department Two.—September 20, 1904.]

C. J. BOSKOWITZ et al., Appellants, v. W. M. THOMPSON, Collector, etc., et al., Respondents; A. BOYD DOREMUS et al., Interveners, Respondents.

IRRIGATION DISTRICT—ACTION BY LANDOWNERS—INJUNCTION ·AGAINST COLLECTOR—INTERVENTION BY BONDHOLDERS—AFFIRMATIVE RELIEF IMPROPER.—In a suit by the landowners in an irrigation district to enjoin the collector thereof from selling land for an assessment for interest upon bonds, the collector represents the district for the purpose of defense only, and not for the purpose of seeking any affirmative relief. Bondholders merely permitted to intervene by reason of their interest in the success of the defendant are equally precluded with him from seeking any affirmative relief; and they cannot maintain a cross-complaint to enforce a lien on the land in their favor as *bona fide* purchasers for value of the bonds held by them.

ID.—DISTRICT A NECESSARY PARTY TO CROSS-COMPLAINT.—If the cross-complaint were permissible, the irrigation district would be a necessary party thereto; and in its absence the court had no authority to render a judgment determining the questions whether the bonds held by the interveners constitute a lien upon the land within the district, and whether the district is estopped from questioning the validity of the bonds in their favor as *bona fide* purchasers for value.

ID.—LIEN PURELY STATUTORY.—Whatever lien the bondholders may have against the lands within the district does not exist by reason of any equity in their behalf or spring from contract between the parties, but it is purely the creation of the statute under which the bonds were issued and the assessment levied.

ID.—TAXATION—LIEN OF ASSESSMENT—POWER OF COURTS.—The collec-

tion of taxes belongs to the executive branch of the government, and can be assumed by the judiciary only under express legislative authority therefor. Courts may inquire into and determine the validity of the assessment or other proceedings, but unless the statute has declared it to be a lien, the court cannot adjudge it to be one. A court of equity, as such, in the absence of statutory authority, has no jurisdiction to enforce a lien that is created by statute, for the enforcement of which the statute has provided a mode. The enforcement of the lien in such case can be only in the mode provided by the statute.

ID.—INVALID "BOND EXPENSE FUND"—ABSENCE OF ELECTION—COLLECTION OF INTEREST—DUTY OF COURT.—Where there was no valid special election authorizing an assessment for a "Bond Expense Fund," the amount sought to be raised for such fund was improperly included in the assessment; but upon so determining, it was the duty of the court to determine whether the disparity between the amount levied and the amount which the board in its discretion was authorized to raise for the collection of the annual interest was such as to vitiate the entire assessment. If so, it should be declared void. If not, its collection should not be interfered with.

ID.—IMPROPER JUDGMENT—COLLECTION OF INTEREST IN FAVOR OF INTERVENERS ONLY—EXCESS OF JURISDICTION.—It was an excess of jurisdiction for the court, without determining the validity or invalidity of the assessment for interest as a whole, to enjoin the collector from enforcing the interest except in favor of the few bondholders who had intervened in the action, to the exclusion of other bondholders who had equal rights, if any existed, in the collection of the interest.

ID.—ASSESSMENT FOR INTEREST—MARGIN—DISCRETION—JURISDICTION OF BOARD, AND OF COURTS.—The statute has given to the board the authority to determine whether it is necessary to provide a margin in excess of the actual amount of the interest, and also the extent of that margin, and the amount to be raised by the assessment for interest must in all instances be determined by the board. The courts will not interfere with the action of the board, unless it has abused its discretion. Though its action is subject to the control of the judiciary, and the collection of the assessment may be enjoined if the assessment is excessive, yet the courts have no authority to determine the amount to be raised or what proportion of the assessment shall be collected. The board has the exclusive right under the statute to levy assessments, and to determine the percentage to be levied uniformly upon all of the property within the district.

ID.—VALIDITY OF SALE BY COLLECTOR.—The collector has authority under the statute to sell the property in case of non-payment of the assessment thereon which is levied by the board; but a sale by him in satisfaction of an amount directed by the court is unauthorized and would vest no title in the purchaser.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge.

The facts are stated in the opinion.

George H. Maxwell, R. M. F. Soto, Purcell Rowe, C. L. Russell, and G. W. Zartman, for Appellants.

The cross-complaint was invalid, both because the interveners came in as defendants and could not file a cross-bill which the original defendants could not file (*East Side Irr. Dist.* v. *Holcomb,* 126 Cal. 315, 320; *Curran* v. *St. Charles Car Co.,* 32 Fed. 835), and also for failure to make the necessary parties defendants. Neither the defendant collector nor the irrigation district was made a party thereto. (*Cassatt* v. *Board of Commrs.,* 39 Kan. 505; *Glenn* v. *Wray,* 126 N. C. 730; *Bibb* v. *Wilson,* 31 Miss. 624.) A cross-complaint cannot introduce a new controversy unconnected with the plaintiffs' cause of action. (*East Riverside Irr. Dist.* v. *Holcomb,* 126 Cal. 315, 320, 321; *Lewis* v. *Fox,* 122 Cal. 244, 246, 250; *Daniel* v. *Morrison,* 6 Dana, 186; *Agua Pura Co.* v. *Las Vegas,* (N. Mex.) 60 Pac. 208-212; *Fidelity T. and S. V. Co.* v. *Mobile St. Ry. Co.,* 53 Fed. 850, 852; *Goff* v. *Kelly,* 74 Fed. 327; *Stuart* v. *Hayden,* 72 Fed. 402.) The court had no jurisdiction of the subject-matter of the cross-complaint. In the absence of statutory authority, it cannot provide for the assessment levy or collection of taxes, or foreclose the lien of a tax the enforcement of which is provided by statute, or enforce a partial sale of lands advertised for sale by the collector. (*Thompson* v. *Allen County,* 115 U. S. 550; *Merwetner* v. *Garrett,* 102 U. S. 472, 515-518; *People* v. *Biggins,* 96 Ill. 481, 484-486; *Sioux City Bridge Co.* v. *Dakota County,* 61 Neb. 75, 81; *Board of Commrs.* v. *King,* 67 Fed. 202, 205; *Tregea* v. *Owens,* 94 Cal. 317; *Woodruff* v. *Perry,* 103 Cal. 611.)

B. F. Thomas, for Interveners, Respondents.

The relief in favor of the bondholders, as *bona fide* purchasers for value, was proper. The irrigation district was estopped to deny the validity of the bonds as against the bondholders. (*Ottawa* v. *First National Bank,* 105 U. S. 342; *Evansville* v. *Dennett,* 161 U. S. 434; *Gunnison County*

*Commrs.* v. *Rollins,* 173 U. S. 255; *Waite* v. *Santa Cruz,* 184
U. S. 302; *Moore* v. *Earl,* 91 Cal. 632.)

E. T. Cosper, for W. M. Thompson, Collector, Respondent.

HARRISON, C.—The Tipton Irrigation District in Tulare
County was organized as a public corporation under the
provisions of the Wright Act (Stats. 1887, p. 29) in July,
1891, and in the year 1896 its board of directors levied an
assessment of two dollars and forty-seven cents upon each
one hundred dollars assessed value of the real property in
the district, for the purpose of raising thirty-six hundred
dollars with which to pay the annual interest on fifty thousand
dollars of bonds theretofore issued by it and outstanding,
and the further sum of $1,242.55 for a fund created by the
district called "Bond Expense Fund." The defendant
Thompson is the collector of the district, and prior to the
commencement of this action had given notice as required
by the act that unless the assessments upon the land in the
district were paid before a certain day, the land would be
sold on that day to satisfy the same. The plaintiffs are sev-
erally owners of certain lands within the district which are
set forth in the complaint, and brought the present action to
enjoin the defendant from selling the same, alleging as grounds
therefor that the board of directors did not prior to calling
the election at which the issuance of the bonds was authorized
estimate or determine the amount of money to be raised for
the purpose of constructing the necessary canals and works
and acquiring the necessary property and rights therefor,
and did not have the report or specifications of any engineer,
or any basis or plan which might be used for determining
what amount would be requisite for such purposes. Issues
upon these allegations were presented by the answer of the
defendant Thompson. Certain holders of the bonds so issued,
amounting to eighteen thousand dollars, under leave of the
court, intervened in the action, and united with the defendant
in resisting the claim of the plaintiffs, and in addition thereto
filed cross-complaints in which they recounted the matters set
forth in their answers, and also set forth the proceedings for
the issuance of the bonds and the character of the bonds;
that they were *bona fide* purchasers thereof; that the interest

thereon for the year 1896 had not been paid, and the amount thereof, and prayed that the amount due them be adjudged to be a lien upon the lands within the district, and that the defendant Thompson be directed to sell said lands for such proportion of the assessment as would pay the amount due them. To these cross-complaints the plaintiffs filed a general demurrer, and, upon it being overruled, answered the same. Upon the trial of the cause the court found that the district is a valid corporation; that bonds to the amount of fifty thousand dollars had been issued in accordance with the provisions of the act and had been regularly sold; that the several cross-complainants are *bona fide* holders of portions of said bonds as set forth in their cross-complaints, and that the interest thereon from January 1, 1896, was unpaid. It also found that no special election had been held in the district authorizing an assessment to raise the $1,242.55 for the "Bond Expense Fund." Upon its findings of fact the court rendered judgment that the interveners are respectively the owners of the number of bonds set forth in their cross-complaints, and that each of the same, together with the interest unpaid thereon and interest accruing after the year 1896, is a valid and subsisting lien upon the lands within the boundary of the district; enjoining the defendant Thompson from selling any portion of the lands described in the complaint, except so much as may be necessary to pay to the interveners the amounts respectively due to them on account of interest on their respective bonds, and directing him, or his successor in office, to sell in accordance with law such proportions of said land advertised by him as may be required to pay to the interveners the amounts found due to them respectively for interest on their said bonds for the year 1896. From this judgment the plaintiffs have appealed upon the judgment-roll alone without any bill of exceptions.

1. Section 387 of the Code of Civil Procedure authorizes an intervention by "any person . . . who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both." The intervention takes place when a third person is permitted to become a party to the action "either by joining with plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in

resisting the claims of the plaintiff, or by demanding any-
thing adversely to both the plaintiff and the defendant.''
Upon being permitted to intervene, the intervener is to be
regarded as a plaintiff or as a defendant in the action (unless
he seeks something adversely to both) according as is the
party for whose success he seeks to intervene, and is limited
to the same procedure and remedies as is such original party,
either for the purpose of defeating the action or resisting
the claim of the plaintiff. (*People* v. *Ferris Irr. Dist.,* 132
Cal. 289.) Section 442 of the Code of Civil Procedure gives
to a ''defendant'' the right to file a cross-complaint whenever
he seeks affirmative relief against any *party* ''relating to or
depending upon the contract or transaction upon which the
action is brought, or affecting the property to which the action
relates.'' In *East Riverside Irr. Dist.* v. *Holcomb,* 126 Cal.
315, it was held that section 442 ''is primarily applicable only
to the defendant,—that is, the person whom the plaintiff
had originally made defendant. Before any other person
could take advantage of the section, he must have been made
a defendant for the purpose of filing a cross-complaint, and
his cross-complaint must have been of such a character as
would warrant the court to order him brought in for the pur-
pose of filing it.'' In the latter part of this sentence the
court had reference to section 389 of the Code of Civil Pro-
cedure, which authorizes the court to bring in ''other parties''
when a complete determination of the controversy cannot be
had without their presence, and ''to that end'' to order a cross-
complaint to be filed.

The bondholders herein were not brought into the action
upon the ground that the controversy between the original
parties could not be determined without their presence, but
they were permitted to intervene by reason of their interest
in the success of the defendant. They have, therefore, placed
themselves by his side for the purpose of uniting with him
in defeating the claim of the plaintiffs, and their right in this
action to affirmative relief against the plaintiffs is no greater
than is his. It does not appear whether the interveners named
any persons as parties defendant to their cross-complaints,
or that their complaints were served upon any other party
to the action. The plaintiffs, however, answered their cross-
complaints, and it may be assumed that they are named as

defendants to the claims therein set forth. It is very clear, however, that the defendant, as collector of the district, would not be entitled to the affirmative relief against the plaintiffs which is sought by the interveners, and that if he had asked for such relief the court would not have been authorized to grant it. For the purpose of defending the validity of the assessment in his efforts to collect it, the defendant Thompson sufficiently represents the district (*Hughson* v. *Crane,* 115 Cal. 404), but he is not authorized to represent it in any proceeding for the purpose of having it adjudged that the bonds, for the payment of whose interest the assessment was levied, constitute a lien upon the land within the district, or that the district is estopped from questioning the validity of the bonds by reason of the fact that the holders thereof were *bona fide* purchasers for value. In any litigation of this nature the district itself is a necessary party, and in its absence the court has no authority to render a judgment determining the questions. The interveners herein are equally precluded with the defendant from seeking such affirmative relief in the action. They have no greater right to seek such affirmative relief by means of a cross-complaint than they would have had in an original and independent action therefor. Whatever lien the bondholders have against the lands within the district exists by virtue of the statute under which the bonds were issued and the assessment levied. The lien does not exist by reason of any equity in their behalf, or spring from any contract between parties, but is purely a creature of the statute.

The collection of taxes belongs to the executive branch of the government, and can be assumed by the judiciary only under express legislative authority therefor. Courts may inquire into and determine the validity of the assessment or other proceedings, but unless the statute has declared it to be a lien it cannot adjudge it to be one, and if the statute has declared it to be a lien, and provided for its enforcement, its enforcement can be only in the mode provided by the statute. The right of a court of equity to adjudge that a lien exists against certain land carries with it the right to enforce such lien, but the rule is well recognized that a court of equity, as such, and in the absence of statutory authority therefor, has no jurisdiction to enforce a lien that is created by statute,

and for whose enforcement the statute has provided a mode. (*Thompson* v. *Allen County,* 115 U. S. 550; *People* v. *Biggins,* 96 Ill. 481; *Corbin* v. *Young,* 24 Kan. 201; *Grand Rapids etc.* v. *Trustees,* 102 Ky. 556; *Board of Commrs.* v. *King,* 67 Fed. 202.)

2. It appears from the record that the assessment levied by the board of directors, amounting to $4,851, if it were all collected, would be only a trifle in excess of the amount needed for the payment of the annual interest upon the bonds and for the "Bond Expense Fund," but as the court has found that there had been no special election authorizing an assessment for this Fund, the amount sought to be so raised—viz., $1,242.55—was improperly included in the assessment. Under the provisions of section 22 of the statute (Stats. 1891, p. 149), authorizing the board of directors to levy an assessment "sufficient to raise" the annual interest upon the outstanding bonds, the board has a certain discretion in determining the amount to be raised, and courts will not interfere with its action unless it can be shown that it has abused this discretion. (*Hughson* v. *Crane,* 115 Cal. 404.) Upon the determination by the court that this portion of the assessment was unauthorized, it should have also determined whether the disparity between the amount so levied and the amount which the board was authorized to raise was such as to vitiate the entire assessment. If so, it should have declared the entire assessment unauthorized and void. If not, it should not have interfered with its collection. The court did not, however, determine whether the assessment was valid or void, nor has it assumed to determine what portion of it was valid, but by enjoining the collector—the defendant Thompson— from selling any part of the lands described in the complaint, except such as may be necessary to produce sufficient money to pay the amount found due to the interveners for the interest accrued on their bonds,—viz., $855,—and directing him to sell such proportion of the lands as will pay them this amount, it has assumed that the assessment is valid to that extent, and has delegated to that officer the authority to apportion that amount of money upon the lands, irrespective of the original assessment thereon, or of the amount for which the assessment should have been made. By this portion of its judgment the court has in effect directed the defendant

to levy an assessment upon the said lands sufficient to raise eight hundred and fifty-five dollars. It is unnecessary to say that in giving such direction the court exceeded its jurisdiction. It found that the district had issued bonds to the extent of fifty thousand dollars, all of which are presumably of as valid obligation as are the eighteen thousand dollars held by the interveners. No imputation is made upon the validity of the assessment so far as it was for the purpose of raising the thirty-six hundred dollars with which to pay the interest upon these bonds, and no reason is suggested why the lands within the district should not bear the burden of meeting this interest, or why the interveners should have the right to collect their interest to the exclusion of the other bondholders. It may be assumed that if the board of directors had considered that they were unauthorized to provide in the assessment for the ''Bond Expense Fund,'' they would have made the assessment for only sufficient to raise the annual interest upon the outstanding bonds; but as the statute has given to that board the authority to determine whether it is necessary to provide a margin in excess of the actual amount of the interest, and also the extent of that margin, whatever amount is to be raised by the assessment must .in all instances be determined by the board. While its action is subject to the control of the judiciary, and the collection of the assessment may be enjoined, in case the board should seek to raise an excessive amount, courts have no authority to determine the amount to be raised or what proportion of the assessment shall be collected. The statute has vested the board with the exclusive right to levy assessments and to determine the percentage to be levied upon the property within the district. The amount thus levied is to be uniform upon all the property within the district, and it is not within the province of the court to declare the amount which is to be raised or to determine the percentage for which an assessment should be levied. The statute gives to the collector authority to sell the property in case of non-payment of the assessment thereon which is levied by the board, but a sale by him in satisfaction of an amount directed by the court is unauthorized and would vest no title in the purchaser.

The judgment should be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.    Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.