FRANCISCA ALFONSO MARRERO, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, Respondent; EULOGIO DIMAS RIERA BENGOECHEA ET AL., Interveners and Appellees.

No. 6091. Argued July 11, 1932.—Decided July 29, 1932.

*Angel A. Vázquez* for appellant. *Pellón & Ayuso* for interveners-appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Eulogio Dimas and others brought, in the Municipal Court of San Juan (Second Section), an action of unlawful detainer against Ramón Echavarry for failure to pay the rent on a lot. The defendant answered denying the existence of the contract of lease and alleging that the house which stood on the lot did not belong to him but to petitioner, Francisca Alfonso Marrero, who had placed defendant Ramón Echavarry on the premises in order that he might live in the upper story of the house and collect the rent on the lower story thereof. Francisca Alfonso Marrero asked leave to intervene in the unlawful detainer proceeding claiming an interest in the case in favor of defendant and against plaintiffs, and that she held possession at sufferance of the lot in question, upon which there is a two-story house which she acquired by inheritance in 1925. The intervention was allowed and the intervener filed her complaint which was answered by the plaintiffs, Eulogio Dimas and others.

After a trial, the court rendered judgment for plaintiffs in the unlawful detainer proceeding and dismissed the complaint in intervention filed by petitioner Francisca Alfonso Marrero; and it ordered the eviction of defendant Ramón Echavarry and of the intervener Francisca Alfonso Marrero.

Feeling aggrieved by that judgment, the intervener filed a notice of appeal but did not deposit with the clerk of the municipal court the rentals due according to the allegations of the complaint. The municipal court refused to allow the appeal, and the intervener filed a petition for certiorari to review said decision, claiming that it was rendered *ex parte,* without any notice, and that it is erroneous, illegal, and was rendered without jurisdiction, as there is no statutory

provision compelling a plaintiff in intervention to deposit any amount resulting from a contract of lease to which such plaintiff was not a party, since this is only the obligation of the defendant in an unlawful detainer proceeding, when the same is based on nonpayment of the rent agreed, and the complaint in intervention is based on a tenancy at sufferance and conflict of titles.

The District Court of San Juan denied the petition for certiorari. From the opinion of that court we copy the following:

"The intervener in this case in her application for leave to intervene, alleged an interest in the case in favor of defendant and against plaintiffs, that is, she united with the former to oppose the latter, and in her complaint in intervention she prayed that the complaint of unlawful detainer filed by plaintiffs against Ramón Echavarry be dismissed. Francisca Alfonso Marrero is not a plaintiff-intervener, that is, one with rights adverse to those of both plaintiffs and defendant, as she alleged in the petition for certiorari, but she is a 'defendant-intervener,' since she appeared in the case in favor of defendant and against plaintiffs. In virtue thereof, as the judgment was adverse to her, for it sustained the complaint of unlawful detainer for nonpayment of rent, and dismissed the complaint in intervention based on occupation and possession at sufferance of the lot in question, in order that she might be entitled to appeal, she having become a defendant for all legal purposes, she was bound to deposit with the clerk of the court the amount of rent due.

"Where a stranger is permitted to intervene in an action or proceeding *'it becomes from that moment a party with equal rights and obligations to the parties to the action (Fernández et al. v. Avellanet et al., 16 P.R.R. 61).'* That being so, the intervener became a defendant and was subject to the proceeding the same as the defendant to whom it united. *Boskowitz v. Thompson,* 144 Cal. 724, 78 Pac. 290."

The record shows that the intervener as well as the defendant in the unlawful detainer proceeding united to demand that the complaint be dismissed; the defendant as the person in charge of the property representing the intervener,

and the latter claiming that she was in possession of the lot at sufferance and that she owned the house. Both parties are united by a common interest and against them judgment was rendered in the municipal court.

The action of unlawful detainer is a special proceeding of a summary character, the purpose of which is to recover the material possession of real property by evicting therefrom the person who may occupy it without paying rent, or the person to whom the property is leased when he violates the contract of lease. *Finlay v. R. Fabián & Co.*, 24 P.R.R. 140. The appeal must be taken within a fixed period. Once said period has elapsed without an appeal having been taken, plaintiff is entitled to evict from the property the person or persons against whom judgment is rendered. In the unlawful detainer proceeding judgment was rendered against defendant Ramón Echavarry and intervener Francisca Alfonso Marrero. Said intervener can not prevent plaintiffs from exercising rights granted to them by law, and if the appeal in the unlawful detainer proceeding be allowed without compliance with the requirement of depositing with the clerk of the court the amount of the rent due, plaintiffs would be deprived of the right of executing the judgment rendered in their favor, there being no security to collect the rentals due in case said judgment is affirmed. The intervener had an opportunity to obtain a decision of the appeal on the merits by previously depositing the amount of the rent due. She failed to do this, and she must suffer the consequences of not having complied with the requirement prescribed by law.

Said plaintiffs have filed a motion to dismiss the appeal on the ground that it is frivolous, and we believe that the motion should be sustained.

For the reasons stated the appeal will be dismissed.