Francisca Alfonso Marrero, demandante y apelante, *v.* Corte Municipal de San Juan, Hon. Ignacio Carballeira, Juez, demandada; Eulogio Dimas Riera y Bengoechea, Antonia, Luz María, Lucía Mercedes, Alfonso Rafael, Josefina Dolores y Rafael Angel Riera y Bengoechea, interventores apelados.

No. 6091.—*Sometido:* Julio 11, 1932. *Resuelto:* Julio 29, 1932.

*Angel A. Vázquez,* abogado de la apelante; *Pellón & Ayuso,* abogados de los interventores apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Eulogio Dimas y otros establecieron demanda en la Corte Municipal de San Juan, sección segunda, contra Ramón Echavarry, sobre desahucio, por falta de pago de los cánones de arrendamiento de un solar. Contestó el demandado negando la existencia del contrato de arrendamiento y alegando que la casa que ocupaba el solar no le pertenecía a dicho demandado sino a la peticionaria Francisca Alfonso Marrero, quien había puesto allí al demandado Ramón Echavarry para que viviera la parte alta de la casa y cobrara los alquileres de la parte baja. Francisca Alfonso Marrero solicitó intervención en el procedimiento de desahucio alegando tener interés en el asunto en favor del demandado y en contra de los demandantes y estar poseyendo y ocupando precariamente el solar objeto del desahucio y hallarse en ese solar enclavada una casa de dos plantas de su propiedad, adquirida por título de herencia desde 1925. Permitida la intervención, la interventora radicó su demanda, que contestaron los demandantes en dicho pleito, Eulogio Dimas y otros.

Celebrada la vista del juicio, la corte dictó sentencia declarando con lugar la demanda de desahucio interpuesta por los demandantes y sin lugar la demanda de intervención interpuesta por la peticionaria Francisca Alfonso Marrero, decretando el desahucio del demandado Ramón Echavarry y de la interventora Francisca Alfonso Marrero.

La interventora, no estando conforme con la sentencia, radicó un escrito de apelación, pero no consignó en la secretaría de la corte municipal los cánones de arrendamiento adeudados de acuerdo con las alegaciones de la demanda. La corte municipal se negó a admitir la apelación y la interventora estableció recurso de *certiorari* para revisar dicha resolución, alegando que fué decretada ex parte, sin notificación alguna, y que es errónea e ilegal y dictada sin jurisdicción por no existir precepto alguno estatutario que imponga

a un interventor demandante hacer consignación alguna de dinero importe de contrato de arrendamiento en el que no ha intervenido ni convenido, pues esta obligación es sólo del demandado en el pleito de desahucio, cuando éste se funda en falta de pago de las cantidades convenidas y la demanda de intervención se funda en la alegación de precario y de conflicto de títulos.

La Corte de Distrito de San Juan declaró sin lugar la solicitud de *certiorari*. De la opinión emitida por la corte inferior copiamos lo siguiente:

"La interventora en este caso, en su solicitud de permiso para intervenir, alegó tener interés en el asunto en favor del demandado y en contra del demandante, o sea se unió al primero para oponerse a las pretensiones del segundo, y así en su demanda de intervención pidió que se desestimara la demanda de desahucio radicada por los demandantes contra el demandado Ramón Echavarry. Francisca Alfonso Marrero no es un demandante-interventor, o sea uno que ha llegado a tener derecho adverso a las reclamaciones de demandantes y demandado, como ha expresado en solicitud de *certiorari*, sino que es un 'demandado interventor', porque compareció en el asunto en favor del demandado y en contra de los demandantes. Y en tal virtud, puesto que la sentencia le fué adversa, ya que se declaró con lugar el desahucio por falta de pago y sin lugar su demanda de intervención fundada en estar poseyendo y ocupando precariamente el solar objeto del pleito, para admitirse su apelación, constituída así en demandada a los efectos de la Ley, debía consignar en secretaría el importe del precio adeudado de los cánones de arrendamiento.

"Cuando a un extraño se le permite intervenir en una acción o procedimiento *'se convierte desde entonces en una parte con iguales derechos y obligación que las partes en el pleito (Fernández et al. v. Avellanet et al.,* 16 D.P.R. 63, 66),' y siendo así la tercerista se convirtió en demandada y quedó sujeta al procedimiento como la parte demandada a quien se unió. *Boskomtz* v. *Thomeson,* 144 Cal. 724, 78 Pac. 290.''

De los autos resulta que tanto la interventora como el demandado en el pleito de desahucio se unieron para solicitar que se declarara sin lugar la demanda, el demandado como encargado de la finca en representación de la interven-

tora y ésta alegando que ocupaba y poseía el solar en precario y que era dueña de la casa. Ambas partes aparecen unidas por un interés común y contra ambas se dictó la sentencia de la corte municipal.

El juicio de desahucio es un procedimiento especial de naturaleza sumaria que tiene por fin recuperar la posesión material de alguna finca, lanzando de ella al que la detenta sin pagar canon o merced, o a la persona que se le ha dado en arrendamiento cuando falta a alguna de sus condiciones. *Finlay* v. *Fabián*, 24 D.P.R. 159. La apelación debe interponerse dentro de un término perentorio. Una vez expirado éste sin haberse interpuesto recurso de apelación el demandado tiene derecho a lanzar de la finca a la parte o partes contra quienes se haya ordenado el desahucio. En este caso se dictó sentencia ordenando el desahucio del demandado Ramón Echavarry y de la interventora Francisca Alfonso Marrero. La interventora en este caso no puede impedir que los demandantes ejerciten los derechos que la ley les concede, y si se admitiera la apelación en el procedimiento de desahucio sin haberse cumplido con el requisito de consignar en la secretaría de la corte municipal el importe de los cánones vencidos, los demandantes se verían privados del derecho de ejecutar la sentencia que se dictó a su favor sin garantía alguna para poder cobrar los cánones vencidos en caso de que se confirmase la referida sentencia. La interventora tuvo la oportunidad de conseguir que el caso fuese decidido en sus méritos mediante el correspondiente recurso, previa consignación del importe de los cánones vencidos. Si no lo hizo suya es la responsabilidad de no haber cumplido con los requisitos exigidos por la ley.

Los demandantes han presentado moción para que se desestime el recurso interpuesto por tratarse de una apelación frívola y nosotros creemos que debe declararse con lugar esta moción.

*Por las razones expuestas se desestima el recurso interpuesto.*