[Civ. No. 925.    Second Appellate District.—December 4, 1911.]

H. P. LANTZ, as Administrator With the Will Annexed of
the Estate of GEORGE LOCKE, Deceased, Appellant
and Respondent, v. J. E. FISHBURN et al., Defendants;
WALTER M. RHEINSCHILD, Special Administrator
of the Estate of GEORGE RHEINSCHILD, Deceased,
Respondent and Appellant.

STREET IMPROVEMENTS—VALIDITY OF BONDS AND INVALIDITY OF SALE—
ACTION TO QUIET TITLE—DECISION UPON FORMER APPEAL—LAW OF
CASE.—In an action to quiet title to city lots as against a sale under
bonds for street improvements, the decision upon a former appeal
therein as to the validity of the bonds, and the invalidity of such
sale made thereunder, became the law of the case, controlling upon
the court upon retrial as to all matters considered upon such appeal
and involved therein.  It is immaterial that, in response to a peti-
tion for rehearing therein, it was recited that the decision rested
upon the determination that the evidence was insufficient to justify
the findings, where the original opinion as filed was not modified.

ID.—BONDS ISSUED UNDER ACT OF 1893—CONCLUSIVE EVIDENCE OF REGU-
LARITY — IRREGULARITY IN SPECIFICATIONS CURED — RULE OF PROP-
ERTY.—Since bonds issued under the act of 1893 are, by the terms
of said act, made upon their issuance conclusive evidence of the
regularity of all proceedings had previous to the making of the
certified list of assessments, and previous irregularities have been
also cured by section 4 of the bond act, it is held that previous mere
irregularities in the specifications of work under the assessments
cannot be urged as an objection to the validity of the bonds, which
is intended to be established by said act as a rule of property and
not as a mere rule of evidence.

ID.—IRREGULARITIES NOT FUNDAMENTALLY OBJECTIONABLE—LIABILITY OF
CONTRACTOR.—Where the property affected by the assessment pro-
ceeding was described with sufficient definiteness and certainty, as
required by the act of 1893, and the ordinances of intention appear
to have been properly published and posted, an irregular clause in
the specifications for work, going only to the liability of the con-
tractor, but not embodying such fundamentally objectionable condi-
tions as have been considered objectionable by the authorities, will
not affect the validity of the bonds.

ID.—MODE OF PAYMENT OF BONDS—MONEY COLLECTED FROM PROPERTY
OWNER—ENFORCEMENT OF NONPAYMENT—PUBLIC SALE EXCLUSIVE
REMEDY.—The money collected from the property owner is set apart
in a specific fund, from which bonds are to be paid, as provided on

their face, in the form prescribed by the statute. In case of non-payment, the only method of enforcing payment is by a public sale of the property affected by the bonds.

ID.—ACTION UNTENABLE — STATUTES OF LIMITATION INAPPLICABLE—REMEDY BY SALE NOT BARRED.—There is no authority given to the city treasurer or the bondholders, under the street bond act, to bring any action to compel payment from the property holder; and no statute of limitations is made to run against the remedy by sale of the property. Nor is section 2911 of the Civil Code, providing that "A lien is extinguished by the lapse of time within which, under the Code of Civil Procedure, an action can be brought under the principal obligation," at all applicable to the remedy by public sale of property for nonpayment of bonds given for assessments thereon, which is unaffected by any limitation of time.

ID.—SECOND SALE UNDER AMENDMENT TO BOND ACT—VALIDITY—CONDITIONS FULFILLED—REMEDY ONLY AFFECTED.—Where, after the first sale held invalid under the terms of the original street bond act of 1893, a second sale was made after the amendment of 1899 to said bond act became effective, which made the sale only *prima facie* evidence of its validity, and provided for different requirements and different costs, a proper compliance with which rendered such sale valid, the title under which was involved upon the second trial, it is held that such amendment of 1899 worked a mere change of remedy as to the conditions of public sale, and did not affect or impair contract obligations; and that the second sale passed title to the appellant as purchaser, subject only to a right of redemption within the statutory limit, after the lapse of which, without redemption, the purchaser's title would be absolute.

ID.—IMPROPER JUDGMENT IN ACTION TO QUIET TITLE—FINDINGS INCONSISTENT WITH JUDGMENT—REVERSAL UPON FINDINGS.—Where, at the time of the issues upon the second trial of the action to quiet title, it pleaded as a defense that the second valid sale had been made, and the court found that such sale complied fully with the amendment of 1899, as to conditions required therein, including costs, but held that such sale could not affect bonds previously issued, and rendered judgment for the plaintiff, it is held that such improper judgment must be reversed, with directions to enter judgment in favor of defendant appealing, as such purchaser, subject only to the right of plaintiff to redeem within the time allowed by law.

APPEALS from a judgment of the Superior Court of Los Angeles County, and from an order denying plaintiff's motion for a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and Walter J. Wood, for Plaintiff, Appellant and Respondent.

J. L. Murphey, for Defendant, Respondent and Appellant.

JAMES, J.—After decision heretofore rendered in this action by this court a rehearing was granted. Upon a re-examination of the case, we are satisfied with the conclusions expressed in our former decision, except as to the matter discussed in the concluding paragraphs of the opinion filed, and we therefore adopt, as stating our present views, the major portion of that opinion, which is as follows:

"This action was brought to secure a decree quieting title to lots 7 and 9, in block 4, of the Brooklyn tract in the city of Los Angeles. The trial court by its judgment determined that the fee title was held by the estate of George Locke, subject to liens of defendant Rheinschild acquired under street improvement proceedings. Plaintiff has appealed from the judgment and from an order denying his motion for a new trial, and there is also an appeal taken by defendant Rheinschild from the judgment. The appeals of the two parties are presented on the same transcript.

"Under the proceedings for the improvement of Bridge street, assessments were levied against the two lots mentioned, the assessment on lot 9 being for the sum of $452.90, and that against lot 7 for the sum of $148.22. Under the proceedings for the improvement of Echandia street, an assessment for the amount of $105.43 was levied against lot 9. The ordinance of intention for the improvement of Bridge street was adopted on May 19, 1893, and that for the improvement of Echandia street was adopted March 15, 1893. In accordance with the provisions of the act, bonds Nos. 20 and 21 were issued on June 19, 1894, on account of the improvement of Bridge street, and bond No. 4 was issued on January 12, 1894, on account of the Echandia street assessment. The term of the bonds was for ten years from their date, with annual payments required to be made as is provided for by the bond act. On May 26, 1900, defendant Rheinschild, then the owner of bonds Nos. 20 and 21, there not having been paid any part of the principal or interest installments which had theretofore matured, gave notice to the city treasurer of the

city of Los Angeles that default had been made and then elected to declare the whole sum of principal and interest of said bonds due, and directed the city treasurer to sell lots 7 and 9 to satisfy the amounts due upon said bonds. Notices of sale were published and a sale was had thereafter, at which defendant Fishburn was the successful bidder, and to whom a certificate of sale was issued, followed by a deed upon the expiration of the period for redemption. Default had also been made in the payment of the installments due upon bond No. 4, but no notice thereof was given to the city treasurer until June, 1907. Defendant George Rheinschild performed the work of improvement upon the streets mentioned under a contract regularly awarded to him. The complaint in this action was filed on March 6, 1902. Defendants in their answer set up the various proceedings had for the improvement of Bridge and Echandia streets, and claimed title to the lots under and by virtue of the sale made as before mentioned, and the deeds issued thereunder. The first trial of the action in the superior court on the issues so made resulted in a judgment in favor of plaintiff, and the defendants appealed therefrom. The appeal was heard in this court and decided on May 29, 1906. (See *Lantz* v. *Fishburn,* 3 Cal. App. 662, [91 Pac. 816].) It was there held that all of the bonds were regularly issued, but that the sale of the property made to satisfy payments delinquent thereon was void because of irregularity in the notices given, *et cetera.* The case was remanded for a new trial. The questions, as to the validity of the bonds, and the validity of the sale made of the property, were fully considered, and the determination of this court, as thereon announced in that decision, became the law of the case. (*Klauber* v. *San Diego St. Car Co.,* 98 Cal. 105, [32 Pac. 876].) This, notwithstanding the fact that in the order made thereafter denying the application for a rehearing, it was recited that the decision of the court rested upon the determination that the evidence was insufficient to justify the findings. The original opinion as filed was not modified, and for that reason we think it was controlling upon the court upon a retrial as to all other matters therein considered, and which were presented and properly involved upon the appeal. Counsel for plaintiff suggests that the decision, wherein the validity of the bonds was treated of, and wherein it was held

that any defects in the specifications could not be considered in view of the decision of the supreme court in the case of *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81], should not be deemed conclusive of that question. In the decision in the case of *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81], it was held that the matter of the irregularity in the specifications could not be inquired into, because the act of 1893, under which the bonds were issued, contained a clause making the bonds upon their issuance conclusive evidence of the regularity of all proceedings had previous to the making of the certified list of assessments. In 1899 the street improvement act of 1893 was amended [Stats. 1899, p. 40], and by the amendment the conclusive evidence clause was changed so as to provide that the bonds should only be *prima facie* evidence of the regularity of the proceedings. Counsel now contends that the conclusive evidence clause prescribed a rule of evidence governing the trial of an action only, and that as the first trial of this cause was had after the adoption of the amendment referred to, he would not be foreclosed from raising the question as to the sufficiency of the specifications, according to which the improvement work on Echandia and Bridge streets was performed. Even though it be conceded that this point can now properly be considered, notwithstanding the former decision in this case, we do not think that the proposition advanced by counsel can be maintained. In the absence of limiting words in the statute expressing a contrary intention, the provision making the bonds conclusive evidence of the regularity of the proceedings up to a certain point is given a reasonable and fair construction by holding that it was the intention of the legislature to affect a right of property and not to establish a mere rule of evidence. (*Cook* v. *Cockins,* 117 Cal. 140, [48 Pac. 1025].) The clause in the specifications to which attention is directed, to wit, that 'the contractor shall be responsible for all damages to water-pipes, gas-pipes, sewers and other underground improvements of the street; he shall also be held liable for damages done to fences, trees, etc.,' does not embody such a condition as was considered objectionable in the case of *Blochman* v. *Spreckels,* 135 Cal. 662, [67 Pac. 1061, 57 L. R. A. 213], and *Woollacott* v. *Meekin,* 151 Cal. 701, [91 Pac. 612]. The property affected by the assessment proceedings was described as is required by the act of 1893, and

that description was sufficiently definite and certain, and the ordinances of intention appear to have been properly published and posted.

"It was determined by the former decision in this case that the sales made of the lots, because of delinquency in payments of the installments and interest due on bonds Nos. 20 and 21, were invalid. It does appear that the proceedings were regular and valid up to and including the notice given by the holder of those bonds to the city treasurer demanding that a sale be made of the property to satisfy the amounts due.

"The money collected from the property owner is set apart in a special fund from which the bonds are paid, and the bonds on their face, following the form prescribed by the statute, provide that payment of amounts due thereunder shall be made exclusively from that fund. There is no authority given to the city treasurer or to the bondholder under the street bond act to bring any action to compel payment from the property owner of the amount of the assessment; the only method of enforcing payment provided for is that of subjecting the property to a public sale. Therefore, no statute of limitations is made to run against the collection of the assessment by such means. This observation is made in view of the point urged by appellant Lantz that the liens of the bonds have been extinguished. In support of that contention he cites section 2911, Civil Code, which provides as follows: 'A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.' By express provision of the bond act (Stats. 1893, p. 36), the amounts of the assessments are made 'a first lien upon the property affected thereby, until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid.' The power conferred upon the city treasurer to enforce payment in the same manner as a tax collector is authorized to enforce collection of delinquent tax assessments does not, as before noted, include any right to bring a personal action against the property owner. A tax collector has no such authority, although by the Statutes of 1880, page 136, such a right is specially given to a city, county, or city and county. Section 2911, Civil Code, is therefore not applicable here, and it follows that the liens of the assessments against the prop-

erty of plaintiff's testator have not been extinguished by limitation of time.''

In the concluding portion of the opinion from which we have quoted it was noted that, after this action had been decided upon the former appeal, as hereinbefore referred to, defendant Rheinschild, as the owner of the three bonds, had again given notice to the city treasurer requiring that the property holden as security for the payment thereof be sold, this notice covering bond No. 4, which had not been included in the first notice of sale. Further, that the city treasurer had again proceeded with the sale of the property, but that the notice of sale was published for only two weeks instead of three weeks, as required by the provisions of section 3766 of the Political Code; also that charges claimed against the property, and for which it was sold, included an item of $10 costs, for the collection of which no authority seemed to be given. Our conclusion was that the second sale was invalid and that a new trial should be had for the reason that the evidence was insufficient in that view to sustain the judgment. For the first time, upon petition for rehearing, it was called to our attention that by the statute of 1899 the street bond act of 1893 was so amended as to require notice of sale to be published for two weeks only, and also providing that the cost of such publication, and fifty cents for a certificate of sale, should be collected by the city treasurer. The amendatory act became effective before the sales were had, but after the proceedings for the improvement of the streets described had all been concluded. If the effect of the amendatory act was to work a change only in the manner by which a remedy was provided to be pursued, then the city treasurer was justified in giving only such notice, and in making such charges by way of costs as the amendatory act provided should be given and made. On the other hand, if, by applying the amendatory provision to proceedings instituted prior to the adoption thereof, a right of property would be affected, and in consequence contract rights interfered with, then the amendatory act should be held inapplicable to the street improvement proceedings considered in this case. We are of the opinion that the amendment worked a mere change of remedy and did not affect or impair contract obligations. As was said in the case of *Kerckhoff-Cuzner Mill & Lumber Co.* v.

*Olmstead,* 85 Cal. 84, [24 Pac. 649]: "The authorities are numerous to the effect that a change of remedy, or in the time within which it must be sought, does not impair the obligation of a contract, provided an adequate and available remedy be left. Thus it has been held that an enactment reducing the time prescribed by the statute of limitations in force when the right of action accrued is not unconstitutional, provided a reasonable time be given for the commencement of an action before the bar takes effect. (*Terry* v. *Anderson,* 95 U. S. 628, [24 L. Ed. 365].) In that case the court, by Waite, C. J., said: 'The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain.' " As to the matter of costs, the street act as amended provides for the collection of the cost of publication of notice of sale, which was not theretofore included in the charges to be made against the delinquent property. We believe that this provision also may be classed as one affecting remedy only. It may be likened to a case where, after judgment and execution issued in an ordinary action, but before execution sale, the legislature has changed the amount of fees to be collected by the officer making execution sale. It could scarcely be contended in the event that by such change the fees were increased in amount over those which such officer would have been entitled to charge at the time judgment was rendered or execution issued, that some vested right of property was disturbed, and that the increased charges could not be collected. We conclude that the last sales made by the treasurer were legal and valid, and had the effect of vesting in Rheinschild as purchaser title to the property. Therefore, at the time the issues were made up in the action upon which the trial court based its judgment, there was no title left in the plaintiff and no right, except the right to redeem within the time fixed by the street act. The title of such a purchaser, pending the issuance of a deed, is only qualified by this right of redemption, and unless such latter

right is exercised within the limit fixed by the law, such title becomes absolute. (*Duff* v. *Randall*, 116 Cal. 226, [58 Am. St. Rep. 158, 48 Pac. 66].) The trial court properly held that the proceedings had, with respect to all matters conferring jurisdiction upon the treasurer to make the second sales, were regular and valid. Upon these findings the judgment should have been that defendant Rheinschild held title to the lots in question subject only to the right of plaintiff to redeem within the time allowed by law.

The order denying plaintiff's motion for a new trial is affirmed. The judgment is reversed, with directions to the trial court to enter judgment upon the findings in accordance with the views expressed in this opinion.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1912.