[Civ. No. 4237. Third Appellate District.—January 22, 1931.]

GRACE P. WARDEN, Appellant, v. WALTER J. BARNES et al., Respondents.

J. Everett Brown for Appellant.

Woodruff, Musick, Pinney & Hartke and Charles Cassat Davis for Respondents.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—This action was begun by the plaintiffs to quiet title to lot 115, Mortimer's East Hollywood View Tract, as per map recorded in book 8, page 27, records of Los Angeles County. The defendants had judgment and the plaintiff Grace P. Warden appeals.

The defendants Barnes interposed denials to the respective allegations of the plaintiffs' complaint, and in their answer, by way of further defense, alleged their ownership of the premises involved, and prayed for affirmative relief, to wit, that their title be quieted against all the demands of the plaintiffs.

The defendants Brooks denied the allegations of the plaintiffs' complaint, and among other things, set up the existence of a mortgage on the premises involved in the sum of $6,000, and prayed that the plaintiffs take nothing as against them.

The record shows that the cause of action was based upon a failure to pay installments of principal in the sum of

$6.08 due on a street improvement bond. The plaintiffs introduced a deed to the premises involved, executed by the city treasurer of the city of Los Angeles to Grace P. Warden, and then rested. The defendants then introduced in the first place sufficient evidence to warrant a judgment finding the defendants Barnes to be the owners of the premises involved, and then introduced the certificate of sale upon which the deed, executed in favor of the plaintiff Grace P. Warden, was based.

The record further shows that the bond for the street improvement was issued in accordance with the act of June 4, 1913. (Stats. 1913, p. 845 et seq.) This act prescribes the method of foreclosure of the sale of property and the items which may be included as costs. The bond in question was number 132. The insufficiency of this certificate will be considered later on.

Appellant bases her argument in favor of reversal upon the alleged error of the trial court in admitting testimony relative to the name of the owner of the lot against which the bond was outstanding as a lien. Whether the contention of the appellant is correct or incorrect, or whether the name of the owner of the lot should be given in proceedings leading up to a sale of the lot, for failure to pay either principal or interest upon a bond issued for street improvements, need not be determined in this action, as the certificate to which we have referred shows that the plaintiff has no title to the premises. A reference to the certificate shows the following items making up the amount of $22.69 alleged to be due, to wit:

Amount of unpaid principal of bond ......$ 6.08
Amount of interest on bond .............. .61
Costs .................................. 15.00
Certificate of sale ....................... 1.00

Total ............................$22.69

Section 5 of the act of 1893, as amended in 1913, reads as follows: "Subdivision C. The City Treasurer must collect, in addition to the 50¢ amount due on such bond, the costs of publication of such notice and for the certificate of sale as hereinafter provided." This section was amended in 1921 providing for a charge of $1 for the

certificate of sale. However, the act of 1921 (Stats. 1921, p. 558) is inapplicable to the case at bar.

In *Chapman* v. *Jocelyn*, 182 Cal. 294 [187 Pac. 962, 963], the Supreme Court of this state definitely settles this question in the following language: "The case must be determined upon the provisions of the Bond Act as it existed in 1912 when the bond was issued. The act then in force was enacted in 1899. (Stats. 1899, p. 40.) The amendments of the act in 1913 made some material changes in the requirements concerning a sale. (Stats. 1913, p. 849.) (c) A street assessment is a contract and the provisions of the statute in force at the time prescribing the manner of its enforcement are a part of such contract. (*Creighton* v. *Pragg*, 21 Cal. 115; *Houston* v. *McKenna*, 22 Cal. 552.) (4) The bond issued upon such assessment, by reason of the failure of the owner to pay the same within the thirty days allowed to the contractor for the work to collect the same, must, therefore, also constitute a contract. In effect, the bond creates a power of sale whereby the contractor may enforce the lien of the assessment against the property described in the bond. (5) The city treasurer is thereby made a special agent of the parties concerned, with authority to execute the power according to its terms, as found in the statute under which the bond is issued. The Constitution forbids the passage of a law impairing the obligation of a contract. (Art. I, sec. 16.) (6) It follows that a law enacted after such contract is made, and which materially alters the remedy of the bondholder to enforce his lien by means of a sale, or the rights of the owner under the law existing at the time the bond was issued, cannot apply to previous contracts and can have only a prospective effect. (*Houston* v. *McKenna, supra.*) The case in this aspect is not distinguishable from *Welsh* v. *Cross*, 146 Cal. 621 [106 Am. St. Rep. 63, 2 Ann. Cas. 796, 81 Pac. 229], wherein it was held that a law extending the time for redemption from a foreclosure sale impaired the obligation of a mortgage executed before its enactment."

The case of *Chapman* v. *Jocelyn* is also decisive of another point involved in this action, to wit, the failure to correctly state the amount due in the certificate. On page 300 of 182 Cal. the figures all are set forth showing a discrepancy in the statement of the amount due in the sum

of $1.95. In the case at bar, as shown by the certificate, there was an error in the statement as to the amount due by reason of an excessive cost charge, and the record further shows an error of 87¢ on the amount necessary to redeem.

In addition to the case of *Chapman* v. *Jocelyn, supra,* showing the materiality of these discrepancies, we may cite the cases of *Simmons* v. *McCarthy,* 118 Cal. 622 [50 Pac. 761], and *Landregan* v. *Peppin,* 86 Cal. 126 [24 Pac. 859]. Other cases might be cited, but these are sufficient to show the invalidity of the deed under which the plaintiff Grace P. Warden claims title.

█ The appellant, in answer to these discrepancies, calls our attention to section 53 of the Vrooman Act (Stats. 1885, p. 147), relative to defects and irregularities or informalities and omissions, contending that this section refers to foreclosure proceedings of a bond given for an assessment. This contention, however, is untenable. The section refers to such informal proceedings as may be corrected by the city council, and has no relevancy whatever to proceedings to foreclose a bond. The city council has jurisdiction only of the improvement in making the assessment, but has nothing to do with foreclosure proceedings.

█ The record further discloses that after the making of findings, drawing conclusions and the entry of judgment herein, upon motion of the respondents the court made the following order:

"Amended Order

"The oral motion to vacate and set aside the judgment, findings of fact and conclusions of law herein, on the ground that the same were signed and filed by inadvertence and mistake, and to substitute modified judgment, findings of fact and conclusions of law therefor, being presented to the above-entitled court sitting in Department 4 thereof, Judge Thomas H. Selvage presiding, on the 23rd day of December, 1927, by Woodruff, Musick, Pinney & Hartke, by Harold H. Streight, for defendants Walter J. Barnes and Alice Barnes, there being no appearance on behalf of plaintiffs and other defendants;

"It is Hereby Ordered that said judgment, findings of fact and conclusions of law be vacated and set aside, and that said defendants Walter J. Barnes and Alice Barnes be, and they hereby are granted leave to file herein judg-

ment, findings of fact and conclusions of law with judgment modified to make said judgment conditional upon the payment to plaintiffs Grace P. Warden and C. P. Warden of a sum of money equal to the full amount of taxes, penalties and costs paid out by said plaintiffs;

"Further, It Is Ordered, that the foregoing order is made on condition that the same be of no effect if a notice of said motion by the moving defendants to plaintiffs is necessary to a proper hearing of said motion. Should notice be necessary and the said order be of no effect, this court will then consider that said motion of defendants has been put before this court to be heard after proper notice to said plaintiffs.

"T. H. SELVAGE, Judge."

This order is not supported by sections 663 and 663a of the Code of Civil Procedure, specifying when orders may be made setting aside judgments.

The case of *Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001], settles the question here involved, and shows the invalidity of the order herein set forth. ▮ The judgment, however, must be reversed and sent back for the following reasons: The respondents Barnes asked for and obtained affirmative relief as against the plaintiff Grace P. Warden, and judgment was entered in favor of the defendants Barnes quieting their title as against all claims of the plaintiff. To this relief respondents Barnes are not entitled. The Statutes of 1893, page 36, so far as the bond involved herein is concerned, reads as follows: "The assessment shall be a first lien upon the property affected thereby until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid." While the foreclosure sale and deed based upon the proceedings therein had availed the plaintiff nothing, the lien of the bond was not extinguished. This being an action in equity, title cannot be quieted in favor of a party, extinguishing a valid lien upon real property, without requiring the person in whose favor the judgment is entered, to do equity. The foreclosure proceedings in this case only being held invalid, the property is still subject to the lien of the bond and the trial court should have entered judgment in favor of the respondents Barnes, quieting their title thereto, upon

payment of the amount due the plaintiff Grace P. Warden, as the owner of the bond, including such costs as she was entitled to collect. This question is settled, we think, by the following cases: *Sawyer* v. *Berkeley Securities Co.,* 99 Cal. App. 545 [279 Pac. 217], and the authorities there cited; *Green* v. *Palmer,* 68 Cal. App. 393 [229 Pac. 876].

The judgment in all particulars save as hereinafter stated, in favor of the respondents, is affirmed. The judgment in so far as it quiets the title of the respondents Barnes against all claims of Grace P. Warden, based upon the lien of the bond involved in this action, is reversed, and the cause remanded to the trial court to proceed and ascertain the amount due on said bond, together with such interest and costs as may properly be added thereto and charged against the respondents Barnes, and enter judgment accordingly.

It is further ordered that all of the parties herein bear their own costs.