[S. F. No. 17099. In Bank. Mar. 26, 1946.]

A. G. RAISCH, Plaintiff, v. ALMA M. MYERS, Respondent; FEDERAL CONSTRUCTION CO., Appellant.

774

Henry F. Wrigley for Appellant.

Alma M. Myers, in pro. per., for Respondent.

SPENCE, J.—Plaintiff brought an action to foreclose the lien of a street assessment issued in 1939 for work performed under the San Francisco Street Improvement Ordinance of 1934. Defendant Myers is the owner of the real property assessed. Defendant Federal Construction Company, by way of answer and cross-complaint, asked the court to declare a lien upon the property for street work done and a bond issued in 1928 under the San Francisco Street Improvement Ordinance of 1918, and that in the event the property "be ordered sold," it be adjudged to have "a lien upon the proceeds of such sale." Following a trial of the issues as raised by the parties in their respective pleadings, judgment was entered whereby (1) sale of the property was decreed in satisfaction of plaintiff's lien and certain expenses claimed by him; (2) any proceeds from said sale in excess of the payments directed in favor of plaintiff were ordered to be paid to the owner of the property, defendant Myers; and (3) the lien of defendant and cross-complainant Federal Construction Company was denied, its bond was declared void, and it was held "not entitled to any relief whatever." Federal Construction Company has appealed "from the whole of said judgment insofar as said judgment denies any relief" to it.

Appellant does not seriously question the priority of the lien of plaintiff Raisch, who has not appeared on this appeal; but, in any event, it is clear that in the absence of any statutory enactment establishing a rule of priority, plaintiff's lien, being the last in point of time, is superior in rank and first in priority. (*Cullinan* v. *Grey*, 18 Cal.2d 247, 249 [115 P.2d 460].)

The principal point presented for consideration is the effect of the assessment and bond issued in recognition of the street work which is the subject of appellant's claim. Respondent Myers maintains that appellant's bond is void and that, in any event, any cause of action based on the bond or the assessment is barred by the limitations in the ordinance and the statutes. On the other hand, appellant maintains that its bond is valid;

that execution of the bond constituted a waiver of all limitations of action; and further, that though the right to foreclose the bond or assessment lien be barred by any ordinance or statute, the assessment lien itself still continues. Thus, appellant distinguishes between the lien itself and the right to foreclose that lien; and so maintains that even if the right to foreclose is barred, the lien of the assessment itself is not extinguished.

There is no dispute as to the facts concerning the assessment and bond in question. The assessment, diagram and warrant were issued by the Board of Public Works on January 3, 1928, to A. E. Hennessey, and assignment was made by the latter on January 6, 1928, to appellant, Federal Construction Company. On April 2, 1928, pursuant to the San Francisco Street Improvement Ordinance of 1918, respondent Myers, as owner of the property, executed the bond in question. It was for the sum of $579.85, the amount of the assessment against the property, and it provided for payment in twenty installments, ten of which were made, with a balance of $289.85, plus interest, remaining due. The validity of the bond is challenged upon the ground that the bond refers to an assessment and diagram issued to Federal Construction Company rather than to A. E. Hennessey, as was the actual fact. Appellant argues that this inaccurate recital is a minor error; that section 34 of the 1918 ordinance sets forth the form of the bond and that such form does not require any mention of the person to whom the assessment and diagram are issued, but merely requires reference to the amount of the assessment imposed and a description of the real property; and that the bond here sufficiently complies with such particulars in specification. The bond in this respect refers to the assessment and diagram issued by the Board of Public Works on January 3, 1928, and recorded in "Volume numbered 25-A at pages . . . numbered 2204 of the Record of Assessments for Street Improvements, in the office of said Board of Public Works."

Said section 34, prescribing the form of the bond, only requires reference to two matters: (1) A description of the property; and (2) the amount of the assessment. Giving due regard to the definite reference made in appellant's bond to both the assessment and diagram, and the number thereof in the Board of Public Works record, and the fact that full compliance has been made with the essential specification of

section 34 as to the description of the property and the amount of the assessment, the error in the name as above noted would not appear to be of sufficient consequence to invalidate the bond. Consistent with this view is the language of section 47 of the ordinance: "The provisions of this Ordinance shall be liberally construed to promote the objects thereof, and no error, omission, or irregularity in connection with the proceedings thereunder not affecting a substantial right of a party shall invalidate any of such proceedings." Certainly no substantial right of the property owner was affected by the surplusage in the bond referring to the Federal Construction Company.

But the execution of such valid bond did not, as appellant contends, constitute a waiver of the statute of limitations as to its right to bring foreclosure proceedings. Appellant relies upon the following language of the bond engrafted from section 34 of the ordinance: "The person in legal ownership of this bond, shall, in the event of such default, have the right to foreclose the lien created by the said assessment for any unpaid portion thereof, as in the case where no bond had been made or executed, *and such lien shall continue until such assessment is fully paid.* It is hereby expressly provided that a lien for the full amount . . . is hereby created and acknowledged upon, in and to the real property described herein. . . ." (Emphasis added.)

In this connection appellant unavailingly cites a number of cases upon the general subject of waiver, none of them relating to street improvement bonds. Typical of these is *Dexter* v. *Pierson,* 214 Cal. 247, 251 [4 P.2d 932], holding that the *express* waiver of the statute of limitations incorporated in the terms of a mortgage was valid and precluded the successful interposition of such defense in an action to foreclose. But there is no such express waiver in the bond here in question, and appellant has not cited any case which holds that the general language of the bond should be so construed. The language to the effect that the lien shall continue until the assessment is fully paid does not mean that any limitation provided by law in the code shall not apply; and accordingly, appellant's right to foreclose by virtue of the execution of the bond is barred by the provisions of section 329 of the Code of Civil Procedure. (*Woods* v. *Hyde,* 64 Cal.App. 433 [222 P. 168]; *Griffith Co.* v. *Kelly,* 52 Cal. App.2d 739 [126 P.2d 909].)

Having determined that appellant's bond is valid but that appellant's remedy by way of an action for foreclosure is barred, two questions remain for consideration in the determination of this appeal: (1) Does the lien of the assessment continue to exist despite the fact that appellant's remedy by way of an action for foreclosure is barred? (2) If the lien of the assessment does continue to exist, is appellant entitled in this proceeding, in which foreclosure is ordered to satisfy the lien of a superior lien holder, to have an adjudication to that effect and to have a further adjudication that appellant is thereby entitled to the satisfaction of said lien out of the proceeds of the foreclosure sale before any of the proceeds may be paid to respondent Myers? In our opinion, both questions must be answered in the affirmative.

It is expressly provided in section 34 of the ordinance, as engrafted into appellant's bond, that "such lien shall continue until such assessment is fully paid." This purpose to continue the existence of the lien until the assessment is paid is further emphasized by section 40 of the ordinance, which provides that should it appear at any time that the bond "for any reason was invalid," the lien of the assessment "shall continue until such original assessment is fully paid." Despite these express provisions for the continued existence of the lien, respondent nevertheless contends that the lien is extinguished under section 2911 of the Civil Code, which provides: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." In support of this contention, respondent cites and relies upon *Clark* v. *City of San Diego*, 144 Cal. 361 [77 P. 973], holding that where the right of action for the collection of delinquent taxes was lost, the lien therefor was also lost. That decision was rested squarely upon the provisions of said section 2911. But neither the cited code section nor the cited case is applicable here. Assuming, without deciding, that said section 2911 would be applicable in the absence of the controlling provisions of the ordinance expressly providing for the continued existence of the lien (see, however, *Lantz* v. *Fishburn*, 17 Cal.App. 583, 588-589 [120 P. 1068]), the ordinance provisions prevail in the determination of the question under discussion.

The improvement of streets and the collection of the costs therefor are municipal affairs. Admittedly San Fran-

cisco being a charter city, its charter supersedes state law in this field, and the provisions of a street improvement ordinance "adopted pursuant to the authorization of the charter have the same sanction and the same effect that they would have had if incorporated in the charter itself." (*Mardis* v. *McCarthy*, 162 Cal. 94, 100-101 [121 P. 389]; see, also, *Hayne* v. *San Francisco*, 174 Cal. 185 [162 P. 625]; *Larsen* v. *San Francisco*, 182 Cal. 1 [186 P. 757].) ██ And ordinance provisions relating to such municipal affairs will prevail over general laws inconsistent or in conflict therewith. (19 Cal. Jur., § 739, p. 411; *Ransome-Crummey Co.* v. *Bennett*, 177 Cal. 560, 567 [171 P. 304]; *Smith* v. *Lightston*, 182 Cal. 41, 47 [186 P. 769].)

██ Having determined that the lien of the assessment continued to exist, we come to a discussion of the second remaining question above stated. It is clear that if respondent Myers were seeking affirmative relief through a quiet title action, she could not prevail against appellant unless she were willing to satisfy its existing lien, even though appellant's remedy by way of foreclosure be barred. (*Hayne* v. *San Francisco*, 174 Cal. 185, 197 [162 P. 625]; *Warden* v. *Barnes*, 111 Cal.App. 287, 292 [295 P. 569].) In such case, her cause of action would be strictly equitable in character, and her rights and remedies would be measured by equitable principles. As was said in *Warden* v. *Barnes*, 111 Cal.App. 287, at page 292 [295 P. 569]: "The judgment, however, must be reversed and sent back for the following reasons: The respondents Barnes asked for and obtained affirmative relief as against the plaintiff Grace P. Warden, and judgment was entered in favor of the defendants Barnes quieting their title as against all claims of the plaintiff. To this relief respondents Barnes are not entitled. The Statutes of 1893, page 36, so far as the bond involved herein is concerned, reads as follows: 'The assessment shall be a first lien upon the property affected thereby until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid.' While the foreclosure sale and deed based upon the proceedings therein had availed the plaintiff nothing, the lien of the bond was not extinguished. This being an action in equity, title cannot be quieted in favor of a party, extinguishing a valid lien upon real property, without requiring the person in whose favor the judgment is entered, to do equity. The foreclosure proceedings in this case only

being held invalid, the property is still subject to the lien of the bond and the trial court should have entered judgment in favor of the respondents Barnes, quieting their title thereto, upon payment of the amount due the plaintiff Grace P. Warden, as the owner of the bond, including such costs as she was entitled to collect. This question is settled, we think, by the following cases: *Sawyer* v. *Berkeley Securities Co.*, 99 Cal. App. 545 [279 P. 217], and the authorities there cited; *Green* v. *Palmer*, 68 Cal.App. 393 [229 P. 876].''

As between appellant Federal Construction Company and respondent Myers, this action is neither a foreclosure proceeding by the former as lien claimant·nor a quiet title proceeding by the latter as the property owner. Rather this is a foreclosure action timely brought by plaintiff Raisch for enforcement of his street improvement lien and in which appellant, made a party defendant herein along with responrent Myers, injected its cross-complaint seeking a judicial declaration of its lien as a subsisting claim and its superior right as against respondent Myers to the proceeds of a foreclosure sale in the event such sale should be decreed in satisfaction of plaintiff Raisch's lien. Respondent Myers has pleaded the bar of the statute of limitations as a defense to appellant's claim; and while she has not expressly asked for affirmative relief, she has impliedly asked for affirmative relief in that there is implicit in her answer the request that in the event that the trial court, in determining this equitable proceeding, should decide that plaintiff Raisch is entitled to foreclosure of his superior lien, the proceeds of the foreclosure sale, over and above the amount required to satisfy the Raisch lien, be ordered paid to her without regard to the rights of appellant as the holder of the subordinate lien. Such request places respondent Myers in a position more closely akin to the position of the property owner who attempts to take advantage of the statute of limitations in the property owner's action to quiet title than to the position of the property owner who pleads the bar of the statute of limitations merely for the purpose of defeating foreclosure and maintaining the *status quo.* In determining in this equitable proceeding the relief to be awarded the respective parties, equitable principles must be applied in the adjustment of the conflicting claims. While the statute of limitations, where used to maintain the *status quo,* applies in its full vigor to protect a defendant property owner from the successful prosecution of a foreclosure action in enforcement of a lien against the

premises, the pleading of such statute should not avail a property owner to the prejudice of a subordinate lien claimant in the extinguishment of a valid lien where the *status quo* is disturbed by foreclosure of a superior lien. (*Cf. Goldwater* v. *Hibernia Sav. etc. Soc.*, 19 Cal.App. 511, 516 [126 P. 861].) In the state of the record as analyzed, equally applicable here are the equitable principles governing cases where the property owner seeks affirmative relief in a quiet title action against an outstanding lien that cannot be foreclosed by reason of the bar of the statute of limitations. In the one as in the other situation, the property is still subject to the lien and the lien claimant will be protected as against a property owner seeking an affirmative advantage without doing equity as the circumstances require. (*Bradley Co.* v. *Ridgeway*, 14 Cal.App.2d 326, 336 [58 P.2d 194].)

Respondent Myers argues that the only method for enforcement of a street improvement lien contemplated by the ordinance is an action for foreclosure, and that the court is without power to decree a lien as a subsisting claim against the property through any other mode of procedure. In this connection she cites the case of *Boskowitz* v. *Thompson*, 144 Cal. 724, 730 [78 P. 290], for the proposition that the enforcement of a statutory lien "can be only in the mode provided by the statute." But such principle has no bearing on the distinguishable situation here where appellant's lien is only protected as against respondent Myers' attempt to obtain an affirmative advantage over appellant with respect to the proceeds of the sale ordered in an action brought to foreclose a superior lien. The fact that appellant's remedy by action to foreclose its lien is barred by the statute of limitations does not affect its right to the surplus proceeds of sale on foreclosure of plaintiff's lien. (*Cf. Batten* v. *Jurist*, 306 Pa. 64 [158 A. 557, 81 A.L.R. 625].)

In line with the views hereinabove expressed, the judgment is reversed and the trial court is directed to modify its findings and judgment to provide:

1. That Raisch has a lien on the premises in the amount as fixed by the judgment and that a foreclosure sale is ordered to satisfy said lien;

2. That the Federal Construction Company has a lien on the premises in the amount shown by the evidence;

3. That the Raisch lien is prior in right to the Federal Construction Company lien;

4. That the remedy to foreclose the Federal Construction Company lien has been lost by the limitation of time, but the lien still exists; and Federal Construction Company is entitled to the satisfaction of said lien, plus costs and expenses, before any of the proceeds of the foreclosure sale are paid to Alma M. Myers;

5. That upon the foreclosure sale of said premises any of the parties to this action may bid and become the purchaser of said premises; that the money realized from such sale be applied first to the satisfaction of all sums due Raisch, then to the satisfaction of all sums due Federal Construction Company, and the excess, if any, to go to Alma M. Myers.

Shenk, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent. The obvious error in the majority opinion is that it refuses to apply to this case the provisions of section 2911 of the Civil Code to the effect that a *lien* is *extinguished* by the lapse of the time within which an action may be brought under the statute of limitation upon the principal obligation. The question is, as admitted by the opinion, whether or not the provision of the city ordinance that the lien endures until the assessment is paid, deals with a municipal affair. It is conceded that if it does not the state law controls. It is clearly not a municipal affair. It *does not* deal with an issue *between the city and a taxpayer*. The assessment is made a lien *for the benefit of the contractor* performing the improvement work, either directly as a method of paying him, or indirectly by securing the payment of a bond *given by the property owner to the contractor*. The matter of the continuation of the lien and the issue of the statute of limitation which is inseparably tied thereto is *between private individuals,* and whether it is substantive or procedural law, it is a matter of the general administration of justice which cannot be other than a state wide affair. That proposition is clearly demonstrated by the cases. The issue of the *tort liability of a city,* a matter of substantive law, is not a municipal affair. (*Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353]; *Rafferty* v. *City of Marysville,* 207 Cal. 657 [280 P. 118].) Matters relating to limitation of actions (the term within which claims must be filed for tort damage) is not a municipal affair. (*Kelso* v. *Board of Education,* 42 Cal.App.2d 415 [109 P.2d 29]; *Sandstoe* v. *Atchison, T. &*

*S. F. Ry. Co.*, 28 Cal.App.2d 215 [82 P.2d 216].) Certainly it would not be contended that the statute of limitation is a municipal affair, at least where the action is between two individuals. To so hold would permit the city to regulate the procedure in the courts, the scope of whose jurisdiction is clearly a matter of state concern. It necessarily follows that the effect upon a lien of the statute of limitation on the principal obligation is not a municipal affair. The regulation of garnishment of the salaries of judges of municipal courts is not a municipal affair. (*Wilson* v. *Walters*, 19 Cal.2d 111 [119 P.2d 340].) Even if it be assumed that the development of a city's improvements and city taxation are municipal affairs, the statute of limitation and life of the lien are statewide affairs and only incidentally affect the development. Such incidental effect does not impair the home rule doctrine. (*Wilson* v. *Walters, supra*; *Dept. of Water & Power* v. *Inyo Chem. Co.*, 16 Cal.2d 744 [108 P.2d 410].) Hence the provision in the ordinance relating to the duration of the lien is for naught and the case must be viewed as if it did not exist.

This brings us to the question of whether or not, under those circumstances, section 2911 of the Civil Code applies to the lien of assessment of the character here involved. The majority opinion, while not deciding the issue, intimates that it has no application, citing *Lantz* v. *Fishburn*, 17 Cal.App. 583 [120 P. 1068]. Regardless of that case the law is settled by *Clark* v. *City of San Diego*, 144 Cal. 361 [77 P. 973], where it was held that the defense of a lien for delinquent taxes would not lie in an action against the city to quiet title to the property where the right of action for the taxes is barred by the statute of limitation. That right being barred, the lien fell with it by virtue of section 2911 of the Civil Code. (See to the same effect: *Chambers* v. *Gibson*, 178 Cal. 416 [173 P. 752] ; *Dranga* v. *Rowe*, 127 Cal. 506 [59 P. 944].)

In my opinion the judgment should be affirmed.

Schauer, J., concurred.

Respondent's petition for a rehearing was denied April 22, 1946. Carter, J., and Schauer, J., voted for a rehearing.