[Civ. No. 3434. Fourth Dist. Oct. 7, 1946.]

HARRISON R. WARD, Appellant, v. CHANDLER-SHER-MAN CORPORATION (a Corporation) et al., Respondents.

Forgy, Reinhaus, & Forgy and Newmark & Hamblin for Appellant.

Joel E. Ogle, County Counsel, Drumm & Drumm and J. M. McCroskey for Respondents.

MARKS, J.—This is an action to quiet title to two lots in the Dana Point area of Orange County against the lien of three local improvement assessments for which bonds were issued on October 14, 1929, under the County Improvement Act of 1921 (Stats. 1921, p. 1658; Deering's Gen. Laws, 1937, Act 3289) authorizing counties to undertake local improvement proceedings under the Improvement Act of 1911 (Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199). The judgment quieted plaintiff's title to the lots subject to the

prior liens on the bonds which were held to be prior and superior to the title of plaintiff.

The term of the bonds was nine years from and after January 2, 1930, with the last instalment of principal and interest falling due on January 2, 1939. The instalment of principal and interest falling due on January 2, 1933, and all subsequent instalments were nót paid. The bonds stated that the amounts unpaid would remain a lien on the real property until paid which is in accordance with the provisions of sections 63 and 66 of the Improvement Act of 1911.

Plaintiff, for a valuable consideration, acquired title to the property by a deed dated September 12, 1944, recorded September 13, 1944.

On February 23, 1945, Chandler-Sherman Corporation demanded of H. A. Gardner, as County Treasurer of the county of Orange, that he sell the properties to satisfy the liens. (See Improvement Act of 1911, §§ 67, 68, 69 and 70.) He advertised the properties and sold them on October 4, 1945.

This action to quiet plaintiff's title to the lots was filed on April 3, 1945. The judgment was rendered on August 13, 1945, and entered on August 17, 1945, so that the amendment to section 2911 of the Civil Code (Stats. 1945, ch. 361) which places a definite limitation on the time in which such sales can be made, was not in effect and can have no bearing on this action other than raising the inference that it may show the opinion of the legislators on the state of the law governing such sales prior to the amendment and the necessity for the amendment. (See, also, Code Civ. Proc., § 330.)

As originally passed, the Improvement Act of 1911 gave the bondholder the sole remedy, in case of default, of having the treasurer sell the property in foreclosure of the lien. (§§ 67, et seq.) A "separate, distinct and cumulative remedy," was created by amendment to section 76 of the Improvement Act of 1911, (Stats. 1921, p. 297) whereby the bondholder might bring an action to foreclose the bond. The section was again amended (Stats. 1927, p. 1411) by providing that the foreclosure action could only be filed after six months and not more than four years from the date of the last delinquency. The act was again amended (Stats. 1929, p. 1305) by adding section 76a which reenacted the prior section 76, as amended, with changes not material here.

Plaintiff argues that an action to foreclose the bonds in question here was barred by the provisions of 76a of the

Improvement Act of 1911, as well as by subdivision one of section 338 of the Code of Civil Procedure, and that consequently the lien of the bonds was extinguished by section 2911 of the Civil Code which, prior to the 1945 amendment, provided as follows: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

Plaintiff admits there is no direct authority in California on the precise question confronting us. He seeks to reason, by way of analogy, from other cases in support of his theory that as the right to collect the debt by court action is barred, the lien is satisfied.

He cites *City of San Diego* v. *Higgins,* 115 Cal. 170 [46 P. 923], which was an action to recover a judgment for the amount of a tax which had been levied, and to foreclose the tax lien. The court held the action barred, but was further of the opinion that the tax lien existed without provision for its enforcement.

*Clark* v. *City of San Diego,* 144 Cal. 361 [77 P. 973], is also cited. By analogy it supports the position of plaintiff. It was an action to quiet title against a tax lien. It holds that as the right of action was barred by lapse of time, the tax lien must be considered satisfied under section 2911, Civil Code. This conclusion was reached under authority of *City of San Diego* v. *Higgins, supra,* already considered, and *Dranga* v. *Rowe,* 127 Cal. 506 [59 P. 944]. *Dranga* v. *Rowe, supra,* was expressly overruled, at least in part, in *Holland* v. *Hotchkiss,* 162 Cal. 366 [123 P. 258, L.R.A. 1915C 492], so *Clark* v. *City of San Diego* loses much of its compelling force as authority here.

In the case of *Woods* v. *Hyde,* 64 Cal.App. 433 [222 P. 168], the plaintiff, the owner of an improvement bond issued under the State Improvement Act of 1893 (Stats. 1893, pp. 33, 36; Deering's Gen. Laws, 1931, Act 8208), sought a writ of mandamus to compel the City Treasurer of Visalia to sell the property subject to the assessment to satisfy the lien of the assessment. The act contained the provision that "the assessment shall be a first lien upon the property affected thereby, until the bond issued for the payment thereof, and the accrued interest thereon, shall be fully paid." The trial court denied the writ, holding that the statute of limitations had barred the

court action. The judgment was affirmed on appeal, the court summing up its reasons for its holding as follows:

"The transcript shows that more than six years elapsed after the maturity of the bond upon which this action is based and the date of making demand upon the treasurer of the city of Visalia for sale of the property upon which the bond constituted a lien and also before the beginning of this action. Under the authorities which we have cited there is but one conclusion to be reached. The statute of limitations had run at the time of the institution of the plaintiff's action, and even though the lien for the amount of the bond may still exist upon the property the remedy by *mandamus* to enforce sale is now barred by the provisions of the code to which we have referred."

Each party has filed a memorandum analyzing the case of *Raisch* v. *Myers*, 27 Cal.2d 773 [167 P.2d 198], seeking support from that decision. This was an action to foreclose a street lien for work done under the San Francisco Street Improvement Ordinance of 1934. It was urged that the action was barred by the statute of limitations, and also that the lien of the assessment was released by the running of the statute under the provisions of section 2911 of the Civil Code. In deciding the second question the Supreme Court concluded that as the improvement of streets was a municipal affair, and as San Francisco was a chartered city, the provisions of the cited section were not controlling. In considering the question of the continuance of the lien after the action to foreclose was barred, the court said:

"Having determined that appellant's bond is valid but that appellant's remedy by way of an action for foreclosure is barred, two questions remain for consideration in the determination of this appeal: (1) Does the lien of the assessment continue to exist despite the fact that appellant's remedy by way of an action for foreclosure is barred? (2) If the lien of the assessment does continue to exist, is appellant entitled in this proceeding, in which foreclosure is ordered to satisfy the lien of a superior lien holder, to have an adjudication to that effect and to have a further adjudication that appellant is thereby entitled to the satisfaction of said lien out of the proceeds of the foreclosure sale before any of the proceeds may be paid to respondent Myers? In our opinion, both questions must be answered in the affirmative."

Plaintiff cites the case of *Faxon* v. *All Persons*, 166 Cal. 707 [137 P. 919, L.R.A. 1916B 1209], which was an action

to quiet plaintiff's title to real property in San Francisco. The Hibernia Savings & Loan Society appeared as a defendant and claimed title to a portion of the property by conveyance from a purchaser at a foreclosure sale had on March 14, 1908, under a power of sale in a mortgage given on August 24, 1888. The Supreme Court held the lien of the mórtgage extinguished by the lapse of time under the provisions of section 2911 of the Civil Code. There is no provision of law continuing the lien of a mortgage with a power of sale until the debt has been paid as is found in the Improvement Act of 1911 relating to street improvement liens, so the case does not decide the question of whether or not, under the cited Civil Code section, the lapse of time will extinguish the lien of a local improvement assessment levied under the Improvement Act of 1911.

It should be observed that the cases principally relied on by plaintiff involve actions in court, in one form or another, to enforce liens after the actions were barred by the statute of limitations. Those cases affect the existence of the remedy of an action in court and not the right, or, in other words, the continuation of the lien without a remedy of court action to enforce it. In the instant case we have no such action to enforce the lien so the question of existence of an available remedy by an action in court is not presented. The sole question here is the existence of the lien, or, in other words, the survival of the right, so that the question presented here is easily distinguished from those decided in the cited cases. This distinction was recognized in *Woods* v. *Hyde, supra,* where it was said:

"The rule established in this state, however, makes a distinction between the existence of a right and the exercise of a remedy. In other words, a person may be possessed of a right and by reason of inaction or failure to proceed lose his remedy. The provision of section 4 of the act referred to is very similar in purpose and expression to section 3716 of the Political Code relating to liens created by taxes. That section reads:

" 'Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof.'

"The right of a city or county or state to its taxes under this section would seem to be extinguishable only by actual payment, and such seems to be the rule. But the existence of the remedy has no such indefinite period of time and is not made to rest upon the fact of actual payment."

The real question before us is the apparent conflict between the provisions of section 2911 of the Civil Code providing generally that a lien is extinguished by sufficient lapse of time, and section 66 of the Improvement Act of 1911, which provides that the assessment shall be a lien upon the property assessed until it be paid. It must be admitted that section 2911 of the Civil Code is an act having general application while section 66 of the Improvement Act of 1911 is special and only affects assessments made and bonds issued under that act.

The rule governing in such cases is stated in *Chilson* v. *Jerome,* 102 Cal.App. 635 [283 P. 862], as follows:

"It is a general rule of construction that a statute having a special application controls a general one without regard to the dates of their passage and that an act general in its character will not annul the provisions of one covering a special subject, even though it seems to cover the same general ground. (*People* v. *Pacific Implement Co.,* 130 Cal. 442 [62 P. 739]; *McNeil* v. *Kingsbury,* 190 Cal. 406 [213 P. 50]; *Riley* v. *Forbes,* 193 Cal. 740 [227 P. 768]; *Bateman* v. *Colgan,* 111 Cal. 580 [44 P. 238]; *Glassell Development Co.* v. *Citizens' Nat. Bank, supra* [191 Cal. 375 (216 P. 1012, 28 A.L.R. 1427)]."

Having concluded that section 2911 of the Civil Code is a statute of general application, and that section 66 of the Improvement Act of 1911 is one having a special application affecting only liens created under that act, the latter must be held to be controlling here. It follows that the liens of the assessments still exist. This being the effect of the judgment before us, it cannot be reversed. This conclusion makes it unnecessary for us to consider in detail the other questions argued by counsel as they cannot affect the ultimate decision of this case.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1946. Gibson, C. J., Carter, J., and Schauer, J., voted for a hearing.