[No. E029819. Fourth Dist., Div. Two. Sept. 27, 2001.]

ALBERTO MARES, JR., a Minor, etc., et al., Plaintiffs and Respondents,
v.
ROBERT ERNEST BAUGHMAN et al., Defendants and Respondents;
COUNTY OF SAN BERNARDINO, Claimant and Appellant.

## COUNSEL

Alan K. Marks, County Counsel, and Paul St. John, Deputy County Counsel, for Claimant and Appellant.

Law Offices of Lionel Ciro Sapetto and Lionel Ciro Sapetto for Plaintiffs and Respondents.

Kearney Alvarez, Thomas A. Kearney and C. Jerry Kutner for Defendants and Respondents.

## OPINION

**RAMIREZ, P. J.**—The County of San Bernardino (County) appeals from an order expunging its lien for medical services rendered to Alberto Mares, deceased. It claims that its lien under Government Code section 23004.1 (hereinafter section 23004.1) applies to any settlement that plaintiffs obtained from defendants in this action. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

On October 29, 1999, the plaintiffs—Alberto Mares, Jr., a minor, by and through his guardian ad litem, Marina Miranda; Marina Miranda; Francisco Javier Mares, a minor, by and through his guardian ad litem, Maria de la Luz Mares; Ana Rebecca Mares; Elizabeth Serna; and Guadalupe Mares (collectively plaintiffs or the Mareses)—filed a motion to expunge County's lien against any judgment they might obtain in their action. In that motion the Mareses alleged that their father, husband, and brother, respectively, was struck and killed by a vehicle driven by defendant Robert Ernest Baughman while in the course and scope of his employment with defendant Con-Way Transportation Services, Inc. Alberto Mares remained in a coma at the San Bernardino County Medical Center for three weeks prior to his death. The

Mareses also alleged that Alberto Mares, Jr., and Marina Miranda sued defendants for wrongful death, while the remaining plaintiffs sued for the emotional distress they suffered as witnesses to the accident. Finally, they alleged that they had agreed to settle the case with Alberto Mares, Jr., accepting $300,000, and the remaining plaintiffs accepting $100,000 each.

On January 7, 1998, County had filed a notice of hospital lien under section 23004.1 and Government Code section 23004.2, "against any judgment recovered by the plaintiff, **ALBERTO MARES**, for the reasonable value of the care and treatment furnished, or to be furnished to said plaintiff by the San Bernardino County Medical Center. As [of] JANUARY 5, 1998, said lien is in the sum of **$218,742.24** as evidenced by the statement of account . . . attached hereto . . . ." (Boldface & underscoring in original.) The Mareses' motion asserted that County could not recover from them under section 23004.1 because that section limits lien recovery to judgments, not settlements, recovered by the injured person, his guardian, personal representative, estate or survivors, not heirs. Since this case involved a settlement by heirs, County could not recover and its lien should be expunged.

On November 4, 1999, Robert Baughman and Con-Way Transportation Services, Inc., filed a notice of joinder to the Mareses' motion to expunge County's lien. The joinder was based upon the cloud County's lien created upon the settlement agreement with the plaintiffs and upon an earlier notice of lien, dated May 14, 1997, that County had filed under Civil Code section 3045.1. The defendants asserted that the May 14, 1997, lien was not enforceable against them because of their status as a common carrier. (Civ. Code, § 3045.6.)

County opposed the motion claiming that section 23004.1 applied to both survivorship and wrongful death actions. It also claimed that as the widow, Marina Miranda was liable for her deceased husband's debts at any rate. (Fam. Code, § 914.) County also asserted that section 23004.1 authorized recovery against both judgments and settlements. Finally, County claimed that it had an equitable lien, that the Mareses had failed to establish a procedural foundation for their motion, and that defendants, having no interest in the settlement proceeds, were not proper parties to the motion. The trial court heard oral argument and took the matter under submission. On January 26, 2000, it issued a minute order granting the motion to expunge as well as the joinder. This appeal followed.

## DISCUSSION

 County's assertions on appeal mirror those made in its opposition below. Primarily, we are asked to determine whether section 23004.1 authorizes County to exercise lien rights against the settlement in this case. In

doing so we must adhere to long-accepted rules of statutory interpretation. ▮ If the language of the statute is clear, it must be given its plain meaning. Only where statutory language is ambiguous or where a literal construction would lead to an absurd result will rules of statutory construction be applied. (*McPherson v. City of Manhattan Beach* (2000) 78 Cal.App.4th 1252, 1260 [93 Cal.Rptr.2d 725].)

Section 23004.1 provides, "in any case in which the county is authorized or required by law to furnish hospital, medical, [or] surgical, . . . treatment, . . . to a person who is injured . . . , under circumstances creating a tort liability upon some third person to pay damages therefor,˙ the county shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished, or shall, as to this right, be subrogated to any right or claim that the injured . . . person, his guardian, personal representative, estate, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. [¶] (b) The county may, to enforce such rights, institute and prosecute legal proceedings against the third person who is liable for the injury . . . in the appropriate court, either in its own name or in the name of the injured person, his guardian, personal representative, estate, or survivors. Such action shall be commenced within the period prescribed in Section 340 of the Code of Civil Procedure. *In the event that the injured person, his guardian, personal representative, estate, survivors, or either of them brings an action for damages against the third person who is liable for the injury . . . , the county's right of action shall abate during the pendency of such action, and continue as a first lien against any judgment recovered by the injured . . . person, his guardian, personal representative, estate, or survivors, against the third person who is liable for the injury . . . ,* to the extent of the reasonable value of the care and treatment so furnished or to be furnished. . . ." (Italics added.) ▮ The specific language at issue in this appeal is that which is italicized above.

More particularly, County argues that settlements are functionally the equivalent of judgments, such that reference to one infers or includes the other. We disagree. ▮ While either will generally bring an end to a lawsuit, a settlement is an agreement between the parties to a dispute regarding how that dispute will be resolved. On the other hand, a judgment in a civil matter is the imposition of a resolution on the parties to a dispute as determined by a court. (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 303-304 [216 Cal.Rptr. 443, 702 P.2d 601].) A judgment has implications that a settlement does not. (See, e.g., *Haight v. Handweiler* (1988) 199 Cal.App.3d 85, 88-89 [244 Cal.Rptr. 488] [settlement not favorable termination on merits for purposes of malicious prosecution]; *Van Nuis*

*v. Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222, 231 [111 Cal.Rptr. 398] [judgment implicates factual findings while settlement does not]; *Harris v. Whittier Bldg. & Loan Assn.* (1936) 18 Cal.App.2d 260, 266 [63 P.2d 840] [lis pendens effective against judgments, not settlements].) Further, the mere fact that a party to a settlement may seek to transform it into a judgment for enforcement purposes (Code Civ. Proc., § 664.6) does not mean that the one is *necessarily* the equivalent of the other.

■ County next claims that despite the sole use of the term "judgment" and the omission of the term "settlement," Government Code section 23004.1 applies in both situations. This assertion is contrary to long-accepted rules that require a court, when interpreting a statute, to examine only its express terms, and not to "insert what has been omitted." (Code Civ. Proc., § 1858; *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1503 [82 Cal.Rptr.2d 368].) ■ "In construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. The court is limited to the intention expressed. [Citations.]" (*People v. One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 475 [224 P.2d 677].) ■ Thus, even if we believed that the Legislature intended to allow lien recovery under section 23004.1 from settlements as well as judgments, we would be constrained in our opinion by its failure to express that intention in the terms it chose. If the Legislature intended section 23004.1 to apply to settlements, it should have inserted that term either originally, or by subsequent amendment.

County argues that other California lien statutes use one term or the other or both, and therefore a unity of meaning is implied. On the contrary, we must assume that in 1967 (Stats. 1967, ch. 1495, § 1, p. 3492), when Government Code section 23004.1 was enacted, the Legislature was aware of the various lien statutes, was aware of their inclusion and omission of either the term "judgment" or the term "settlement," and thus that its omission of the term "settlement" in section 23004.1 was expressly intended. (*Voters for Responsible Retirement v. Board of Supervisors* (1994) 8 Cal.4th 765, 779, fn. 3 [35 Cal.Rptr.2d 814, 884 P.2d 645].) Civil Code sections 3045.2 and 3045.4, which deal with hospital liens and which were enacted in 1961, provide for a lien against both judgments and settlements. Labor Code section 3709, enacted in 1937, provides that in addition to having a lien against a judgment, "[t]he director, as administrator of the Uninsured Employers Fund, shall have a first lien against any proceeds of settlement . . . ." The fact that these older statutes apply liens to both judgments and settlements indicates that the Legislature intended to leave the term "settlement" out of section 23004.1.

Similarly, the fact that additional statutes concerning liens that do include the term "settlement" have been enacted since Government Code section 23004.1, considered alongside the fact that the Legislature has not chosen to amend section 23004.1, is further evidence that its intent is that section 23004.1 apply only to judgments. (See, e.g., Gov. Code, § 13966.01 [added by Stats. 1993, ch. 295, § 4, p. 2026]; Health & Saf. Code, § 1788, subd. (c)(9) [added by Stats. 1990, ch. 875, § 2, pp. 3726-3731 and amended by Stats. 1999, ch. 949, § 6]; Health & Saf. Code, § 121270, subds. (k) & (m) [added by Stats. 1995, ch. 415, § 7]; Health & Saf. Code, § 123982 [added by Stats. 1995, ch. 415, § 8]; Lab. Code, § 3732, subds. (f)-(h) [added by Stats. 1981, ch. 894, § 6, pp. 3411-3412 and amended by Stats. 1985, ch. 666, § 1, p. 2254]; Lab. Code, § 3865 [added by Stats. 1989, ch. 1280, § 1, p. 5047]; Lab. Code, § 4417 [added by Stats. 1980, ch. 1041, § 1, p. 3325]; Welf. & Inst. Code, § 7282.1 [added by Stats. 1985, ch. 1545, § 1, p. 5667]; Welf. & Inst. Code, § 14124.74 [added by Stats. 1976, ch. 621, § 2, p. 1474]; Welf. & Inst. Code, § 14124.791 [added by Stats. 1985, ch. 776, § 5, p. 2515].)

In a further effort to equate judgments with settlements, County points to Family Code section 17501, subdivision (g)(4)(D), which authorizes local child support agencies to collect delinquent child support "against a civil settlement." County claims that the Legislature must have intended that judgments be included because it is unthinkable that the Legislature intended that local child support agencies could not collect child support against civil judgments. Family Code section 17501, subdivision (g)(4) lists "appropriate enforcement mechanisms . . . which *may* include" the actions listed in subdivision (g)(4)(A)-(H). (Italics added.) Thus, Family Code section 17501, subdivision (g)(4), by its very terms, does not limit the right to collect as County contends. Further, a local agency may obtain a judgment lien for delinquent child support on a parent's claims against third parties. (See, e.g., Code Civ. Proc., § 708.410.) County's argument is not persuasive.

County cites *Martin v. Board of Administration* (1969) 276 Cal.App.2d 795 [81 Cal.Rptr. 432] for the proposition that lien statutes which, on their face, apply strictly to judgments have been interpreted to apply to settlements as well. However, the statutory lien scheme at issue in *Martin* does indeed, in a later section, provide that a lien could be asserted against a settlement. (*Id.* at p. 798; Lab. Code, § 3859.) Thus, we again find County's argument unpersuasive.

Finally, County claims that the courts of this state have consistently applied section 23004.1 liens against settlements received by the patient him- or herself. (*City and County of San Francisco v. Sweet* (1995) 12 Cal.4th 105 [48 Cal.Rptr.2d 42, 906 P.2d 1196]; *Tapia v. Pohlmann* (1998) 68

Cal.App.4th 1126 [81 Cal.Rptr.2d 1]; *Lindsey v. County of Los Angeles* (1980) 109 Cal.App.3d 933 [167 Cal.Rptr. 527].) These cases were not addressed to the question whether section 23004.1 makes liens available against settlements. That point was never raised as an issue. ■ Cases do not stand for propositions that were never considered by the court. (*Tosco Corp. v. General Ins. Co.* (2000) 85 Cal.App.4th 1016, 1021 [102 Cal.Rptr.2d 657].)

■ By its unambiguous terms section 23004.1 does not allow County to have a lien against the Mareses' settlement. Thus, we cannot conclude that the trial court erred when it ordered that County's lien under that section be expunged.

The parties also disagree over the meaning of the term "survivors" as it is used in section 23004.1. County argues that survivors include anyone that lives beyond the decedent, while the respondents claim that survivors include only those persons bringing a survival action on behalf of the decedent's estate. ■ Rules of statutory construction require that words be construed with reference to their context. (*Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.* (1996) 42 Cal.App.4th 1260, 1273-1274 [50 Cal.Rptr.2d 366].) Each of the potential plaintiffs identified in section 23004.1 besides survivors, i.e. "the injured person, his guardian, personal representative, [or] estate," would have a cause of action against the third party on behalf of the injured person personally or his or her estate. Given that context it would be consistent with the language of the statute to interpret the term "survivors" as denoting those plaintiffs that bring a survival action on behalf of the decedent's estate. We need not decide this issue, however, since we have determined that section 23004.1 does not apply to settlements.

County claims that it should nevertheless have an equitable lien on the settlement proceeds because if section 23004.1 does not apply, it will be unable to recover for the medical services provided. We disagree. Under the terms of section 23004.1, County has an independent action against any third party liable for the injury that necessitated medical care. That independent action is abated only during the pendency of an action by the injured person, his or her guardian, personal representative, estate or survivors. Once the action is no longer pending, should an amount remain due and owing to County for those services, it may pursue its own action. (§ 23004.1.) Further, County has failed to demonstrate that it could not have directly pursued Alberto Mares's estate or his wife, Marina Miranda, to recover the debt. Thus we are not convinced that equitable principles apply in this case on the grounds stated.

With respect to County's assertions that the Mareses' motion to expunge lacked a procedural foundation and that the defendants were not proper

parties to the motion, it has done no more than make those charges. ▌ Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [72 Cal.Rptr.2d 232], and cases cited therein.) We will follow that rule here.

## DISPOSITION

The order granting the motion to expunge County's lien is affirmed. Respondents to recover their costs on appeal.

Hollenhorst, J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 2001. Kennard, J., was of the opinion that the petition should be granted.