Filed 9/30/15; pub. order 10/15/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAGDISHWAR CHAND,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CONSUELO BOLANOS,<br><br>        Defendant and Respondent;<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Real Party in Interest and Respondent. | A142384<br><br>(San Mateo County<br>Super. Ct. No. CIV513647) |

        This appeal is from an order denying a motion to expunge a lien against settlement proceeds for the reimbursement of the cost of emergency medical services provided to Jagdishwar Chand for injuries suffered when he was struck by a car.  Chand contends the City of San Francisco's lien against his recovery from the driver who struck him is invalid because the authorizing municipal code provision is preempted by state law. Alternatively, he asserts the lien is unenforceable because the City failed to obtain his written consent to it.  Both contentions are meritless, so we affirm.

## BACKGROUND

        The accident underlying this dispute occurred in February 2012.  Chand was treated for his injuries at San Francisco General Hospital (the Hospital) and subsequently sued the driver of the car that struck him, among others.  Chand settled with the driver for $100,000 and filed a notice of partial settlement in August 2012.  On October 3, 2012, the

1

City of San Francisco (the City), through its Bureau of Delinquent Revenue Collections, filed a medical reimbursement lien for approximately $370,000 in Chand's personal injury case to recover the cost of the medical care it provided to him.

Chand moved to expunge the City's lien. The trial court concluded the City had a valid lien pursuant to section 124 of the San Francisco Health Code (section 124), which authorizes it to place a lien on a patient's recovery from a third party tortfeasor. (S.F. Health Code, art. 3, § 124.) It rejected Chand's claims that section 124 is preempted by state law and alternatively determined that the City may rely on section 124 because it is a charter city and its ordinance regulates a municipal affair. Finally, the court rejected Chand's claim that the City waived section 124 when it adopted a subsequent resolution that expanded its options for pursuing medical reimbursement from patients and third parties. Chand filed this timely appeal.

## DISCUSSION

### I. Section 124 Is Not Preempted By State Law

#### A. The Local Provisions

The San Francisco Health Code authorizes the City to lien a patient's recovery against a third party tortfeasor for the cost of providing medical services. Section 124 provides that "[e]very person . . . who is given or shall receive aid directly or indirectly from public monies drawn through the Treasury of the City and County of San Francisco, shall be liable to the extent of his ability to pay . . . for the value of said aid so allowed, granted, or given, and if any of said aid granted to said person is for injury sustained by reason of an accident or wrongful act, the value of aid shall, if said person or other persons entitled to bring such action asserts or maintains a claim against another for damages on account of his or her injury or because of his or her death, constitute a lien upon the damages recovered, or to be recovered, either by judgment, settlement or compromise by said person . . . ." Under Section 124.5, subdivision (b), when an injured party treated at City expense files a personal injury action seeking damages for those injuries, the cost of that medical care "shall constitute a lien in favor of the City and County of San Francisco upon any such recovery received by the recipient."

2

### B. The State Law Provisions

Two state statutes are at play here: Civil Code section 3045.1 (the Hospital Lien Act, or the Act) and Government Code section 23004.1. Originally enacted in 1961, the Hospital Lien Act creates a "statutory nonpossessory lien" in favor of a hospital against third persons liable for the patient's injuries. (*Mercy Hospital& Medical Center v. Farmers Ins. Group of Companies* (1997) 15 Cal.4th 213, 217 (*Mercy Hospital*); Stats. 1961, ch. 2080, p. 4340, § 1.) It provides that "[e]very person, partnership, association, corporation, public entity, or other institution or body maintaining a hospital licensed under the laws of this state which furnishes emergency and ongoing medical or other services to any person injured by reason of an accident or negligent or other wrongful act . . . shall, if the person has a claim against another for damages on account of his or her injuries, have a lien upon the damages recovered, or to be recovered, by the person . . . to the extent of the amount of the reasonable and necessary charges of the hospital . . . ." (Civ. Code, § 3045.1.) The Act enables a hospital to recover as much of its lien as can be satisfied out of 50 percent of the recovery obtained by the patient, less amounts paid for prior liens. (Civ. Code, § 3045.4; *Mercy Hospital, supra,* 15 Cal.4th at pp. 221–222.) But its remedies "are not exclusive." (*Mercy Hospital* at p. 217.)

Six years later, the Legislature enacted Government Code section 23004.1 to give counties a right of direct action against those whose wrongful acts cause the expenditure of public funds to treat injured parties. It provides that "in any case in which the county is authorized or required by law to furnish hospital, medical, surgical or dental care and treatment . . . to a person who is injured or suffers a disease, under circumstances creating a tort liability upon some third person to pay damages therefor, the county shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished . . . ." (Gov. Code, § 23004.1, subd. (a).) The county may thus sue the tortfeasor if the patient does not. But, if the patient sues, the county's action "shall abate during the pendency of such action, and continue as a first lien against any judgment recovered . . . to the extent of the reasonable value of the care and treatment so furnished or to be furnished." (Gov. Code, § 23004.1, subd. (b).) Pursuant to

3

Government Code section 23004.3, these provisions "shall become operative in a county only if the board of supervisors . . . , by resolution," so elects.

In 1998, the City implemented Government Code section 23004.1 by enacting Resolution 673-89, with the express purpose of providing "an additional collection remedy in the event an uninsured patient is treated for injuries caused by the negligent misconduct of a third party but the patient fails to assert a litigated claim." Resolution 673-89 stated that the new remedy was *in addition* to the City's practice of filing liens under Section 124 in actions brought by the patient against the third party tortfeasor, and that "[n]othing herein is in any way intended to limit any right, responsibility or remedy provided under any State or local law governing the payment or collection of the costs of hospital, medical, surgical, or dental costs [*sic*] authorized under any State or local law, including the rights and remedies provided in San Francisco Health Code Sections 124 through 124.5."

Chand contends the City's lien is invalid because Section 124 conflicts with, and is therefore preempted by, both the Act and section 23004.1. Alternatively, he contends the City abrogated or waived the lien procedure established by section 124 when it elected through Resolution 673-89 to implement section 23004.1, allowing it to sue the third party tortfeasor. We review these legal questions de novo (*People v. Nguyen* (2014) 222 Cal.App.4th 1168, 1177), and conclude that neither has merit.

### C. Preemption Analysis

As the party asserting state law preempts San Francisco's ordinance, Chand has the burden of demonstrating preemption. (*People v. Nguyen*, *supra*, 222 Cal.App.4th at p. 1177.) " 'If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void.' [Citations.] [¶] 'A conflict exists if the local legislation " 'duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.' " ' " (*Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 897 (*Sherwin-Williams*).) Chand contends section 124 conflicts with Government Code section 23004.1 because section 124 authorizes the City to assert liens against settlements, while the Government Code provision authorizes lien rights only

4

against judgments. He contends section 124 also conflicts with the Hospital Lien Act, which applies to both settlements and judgments, because recovery under the Act is limited to half of the judgment or settlement amount remaining after prior liens are paid. We disagree.

"[L]ocal legislation is 'contradictory' to general law when it is inimical thereto." (*Sherwin-Williams*, *supra*, 4 Cal.4th at p. 898; *Northern California Psychiatric Society v. City of Berkeley* (1986) 178 Cal.App.3d 90, 104–105 [municipal ban on electroconvulsive therapy conflicted with state scheme protecting patients' rights to elect treatment].) There is no such conflict here. Both state statutes provide an optional, non-exclusive remedy by which public entities can obtain reimbursement for the costs of providing emergency medical care to those in need. (*Mercy Hospital, supra,* 15 Cal.4th at p. 217 [the Hospital Lien Act is not an exclusive remedy]; see *Newton v. Clemons* (2003) 110 Cal.App.4th 1, 9 (*Newton*) [Government Code section 23004.1 did not authorize lien against the plaintiff's *settlement*, but county could assert lien under additional theories, such as the Hospital Lien Act].) There is no contradiction merely because the legislature has provided an alternative mechanism to serve the same purpose.

Chand has not identified, and we have not discovered, any case law or statutory history that indicates the legislature intended that state law remedies would provide the exclusive means for local governments to obtain reimbursement for medical expenses incurred to treat those in need.

Chand relies upon *Mares v. Baughman* (2001) 92 Cal.App.4th 672, where the court held that section 23004.1 does not authorize a county to lien settlement proceeds, to argue that no other lien mechanisms are authorized except the lien identified in section 23004.1. But as the court made clear in *Newton v. Clemons, supra,* 110 Cal.App.4th at p. 9, the holding in *Mares* does not preclude assertion of a lien upon another proper basis. *Mares,* does not help Chand's preemption argument. He argues the "plain language" of Government Code section 23004.1 demonstrates an intent to preempt the field by giving counties a right to lien recovery "*in any case*" in which they are authorized or required by law to furnish medical care, and, similarly, that the Hospital Lien Act conveys the same

5

preemptive effect by creating a medical reimbursement lien in favor of "*Every*" municipal corporation or public entity that provides treatment to patients injured by third person tortfeasors. But nothing in those words demonstrates an express or implied intent to occupy the field and preclude local government from enacting additional measures that serve the same purpose as these provisions. "Implied preemption can properly be found only when the circumstances 'clearly indicate' a legislative intent to preempt." (*California Rifle & Pistol Assn. v. City of West Hollywood* (1998) 66 Cal.App.4th 1302, 1317.) We agree with the City and the trial court that section 124 is not inimical to the lien mechanisms provided under state law, but, rather, simply places an additional arrow in the City's reimbursement quiver. Chand's claim of preemption is unfounded.[1]

Chand's alternative position that the City waived or abrogated section 124 when it adopted Government Code section 23004.1 is also unpersuasive. In enacting the resolution, the City expressly preserved its right to pursue reimbursement under section 124 when it specified that "[n]othing herein is in any way intended to limit any right, responsibility or remedy provided under any State or local law governing the payment or collection of the costs of hospital, medical, surgical, or dental costs authorized under any State or local law, *including the rights and remedies provided in San Francisco Health Code Sections 124 through 124.5. . . .*" (Italics added.) Nor is Chand's position compelled by the language of Government Code section 23004.1. "[I]n the absence of express preemptive language, . . . a city or county may make additional regulations, different from those established by the state, if not inconsistent with the purpose of the general law." (*Fiscal v. City & County of San Francisco* (2008) 158 Cal.App.4th 895, 915.) While counties that adopt Government Code section 23004.1 may employ it to recoup medical costs by filing actions against tortfeasors, the Legislature has imposed no legal bar to other mechanisms, such as the lien authorized by section 124, to recover the costs of medical treatment. (See *Newton, supra,* 110 Cal.App.4th at p. 9.)

---

[1] Because of this conclusion, we need not address whether section 124 is viable under the home rule doctrine applicable to charter cities. (See *Johnson v. Bradley* (1992) 4 Cal.4th 389, 398–399.)

## II.  Other Contentions

Chand's remaining arguments merit only brief discussion.  He contends the City's lien on his settlement is invalid because he did not agree in writing to reimburse the City for his treatment.  This contention is premised entirely on section 124.2 of the City's Health Code, which provides that "[a]s consideration for the allowing, granting or giving of aid, the officer, board, or commission shall take from every person [with specified exceptions] receiving aid" an agreement to reimburse the City.[2]  Chand maintains that

---

[2] The full language of the agreement is as follows:

" 'AGREEMENT TO REIMBURSE

'In consideration of the granting of aid to me by the City and County of San Francisco, I hereby pledge, promise and agree to reimburse and repay said City and County all sums of money actually expended in my behalf or aid granted or given by the City and County of San Francisco for my care and maintenance, provided I am able to pay for the same in whole or in part, and I further agree that if any of said aid consists of care and treatment for injury sustained by me by reason of accident or wrongful act, the value of such aid shall be, if I assert or maintain a claim against another for damages on account of said injury, a lien upon any damages recovered, or to be recovered, either by judgment, settlement or compromise by myself, or by my heirs or personal representative in case of my death.

'I further agree that if and when I enter Laguna Honda Hospital or Hassler Hospital as a patient therein, I shall deposit in the Home Trust Fund an amount not less than the sum fixed for payment by toward cost of such institutional care as determined by my ability so to pay, and which sum I hereby expressly agree to pay; and I further agree that a direct charge against my Home Trust Fund account in that amount may be made by the said hospital at the completion of each month or portion of a month during the time I remain therein to discharge this obligation to pay, as aforesaid.

'For valuable consideration, I hereby assign to the San Francisco General Hospital the amount equal to the total cost of care rendered to me (or the total amount due to me if the amount thus due be less than the total amount of the cost of care rendered to me) from any monies due or to become due to me under my insurance policies, including any hospital benefits payable from the California State Disability Program or any private carrier in lieu thereof, and hereby authorize you to make such payment directly to said San Francisco General Hospital.

'This agreement is binding upon myself, my heirs, executors, administrators and assigns.

'The foregoing agreement is executed on the express condition, and with the understanding that it shall be binding on the applicant only in the event that he (or she) is found to be exempt from liability for such benefits under the provisions of Chapter 7 or

7

section 124.2 makes such an agreement a condition precedent to asserting a lien under section 124, but the provision says no such thing.  Chand's final contention, that the court clerk should not have filed the City's lien because "[t]he only lien known to appellant that can be filed against a cause of action is a judgment lien" under Code of Civil Procedure section 708.410, is defeated by our conclusion that the City properly filed the lien pursuant to section 124.

**DISPOSITION**

The order is affirmed.


_____
Siggins, J.


We concur:


_____
Pollak, Acting P. J.


_____
Jenkins, J.

---

Chapter 8, Part 3, Division 9, Welfare and Institutions Code of the State of California and that it shall be null and void if the applicant is found to be exempt from liability for such benefits.' "  (S.F. Health Code, art. 3, § 124.2.)

Filed 10/15/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JAGDISHWAR CHAND,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CONSUELO BOLANOS,<br><br>        Defendant and Respondent;<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>Real Party in Interest and Respondent. | A142384<br><br>(San Mateo County<br>Super. Ct. No. CIV513647)<br><br>**ORDER CERTIFYING OPINION FOR PUBLICATION** |

**THE COURT:**

The opinion filed in the above-entitled matter on September 30, 2015, was not certified for publication in the Official Reports.  For good cause, the request for publication is granted.

Pursuant to rule 8.1105(b) of the California Rules of Court, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

DATE:                                                        _____

                                                        Pollak, Acting P.J.

1

Trial Court:                                    San Mateo County Superior Court


Trial Judge:                                    Honorable Lisa A. Novak


Counsel:


 Becker & Becker, Geoffrey Becker for Plaintiff and Appellant Jagdishwar Chand.


Office of Treasurer & Tax Collector, Debra D. Lew for Defendant and Respondent
Consuelo Bolanos.


Dennis J. Herrera, City Attorney, Wayne K. Snodgrass, Tara M. Steely, Deputy City
Attorneys; Office of Treasurer & Tax Collector, Stephanie M. Profitt, Debra D. Lew for
Real Party in Interest and Respondent City and County of San Francisco.